## LOEHR *v*. LATHAM.

DEFENDANT has a right to have the action tried in the county of his residence, except in certain cases specified in the statute.—FIELD, C. J.

On motion by defendant to change the place of trial, on the ground that he is sued in the county in which he does not reside, if plaintiff resist the motion because of the convenience of witnesses, the evidence as to the convenience should be as full and particular as that which is required upon an application, for this cause, to transfer the trial to another county.   The affidavit must state the names of the witnesses.

As matter of practice, where defendant moves to transfer the cause to the county of his residence, plaintiff may resist, by a counter motion to retain the cause on account of the convenience of witnesses, notwithstanding the residence of defendant, and then defendant can reply to the allegations as to the convenience of witnesses ; or plaintiff, instead of a counter motion, may simply resist the motion of defendant, but reasonable time should be allowed defendant, if desired, to meet the matter set up in opposition to the original motion.

The Act of 1858 authorizes suit to be brought in any county designated in the complaint, when the residence of defendant is unknown.   But, to resist the application of defendant to change the place of trial, on the ground that he *resides in a different county*, plaintiff must show that he used all due diligence to ascertain the residence.

The practice upon this subject being unsettled, the parties, on the return of the cause, should have an opportunity of fully presenting the merits of the motion.

Loehr v. Latham.

APPEAL from the Sixteenth District.

Action for slander.   Motion to change place of trial.

*Monson & Sunderland,* for Appellant, cited Pr. Act, sec. 20 ; Statutes, 1858, 82 ; *Park* v. *Carnley,* 7 How. Pr. 356.

FIELD, C. J.—This action was brought in Amador county.   The defendant alleges in his answer, which is verified, that he was, at the commencement of the action, and still is, a resident of Sacramento county, and insists that the trial of the action shall be in that county. Upon the answer, and his affidavit of residence in Sacramento county, the defendant moved the Court to change the place of trial.   The plaintiff resisted the motion by affidavit that he had a large number of witnesses, and that they all reside in Amador county, and that a removal of the case to Sacramento would work injury to him and subject him to great expense in procuring their attendance ; and also by a further affidavit that he was informed and believed the residence of the defendant was as much in Amador as in any other county of the State, and that if the defendant were not thus a resident of that county, then his residence was unknown to the plaintiff at the commencement of the action.   The Court below denied the motion, and from the order of denial the defendant appealed.

The statute provides that the trial of an action, with certain specified exceptions, shall be in the county in which the defendant resides.   The defendant, in the present case, is not within any of the enumerated exceptions.   He had, therefore, a right to a change of the place of trial, and the affidavit as to the residence of the plaintiff's witnesses was insufficient to defeat the motion.   When the convenience of witnesses is alleged in opposition to a motion of this nature, the evidence as to the convenience should be as full and particular as that which is required upon an application, for this cause, to transfer the trial to another county.   Had the action been originally commenced in Sacramento, the affidavit of the plaintiff would not have warranted an order changing the trial to Amador.   It does not state the names of his witnesses, and for this reason, if for no other, is entirely insufficient. (6 Cowen, 389.)

It was suggested on the argument, that if the convenience of witnesses required the cause to be retained in Amador, the question should have

been presented in a different manner—by a counter motion of the plaintiff to retain the cause, notwithstanding the residence of the defendant is in Sacramento, and that then the two motions could have been brought on at the same time. This mode of procedure would undoubtedly have been proper, and in this way opportunity would have been afforded, if required, to reply to the allegations as to the convenience of witnesses. But the same thing might have been accomplished by giving the defendant reasonable time, if desired, to meet the matter set up in opposition to the original motion. In cases of this kind, such opportunity must be afforded in one way or the other. (See *Park* v. *Carnley*, 7 How. Prac. 356.)

The second affidavit of the plaintiff does not meet the positive averment of the defendant, or obviate its effect.

I am of opinion that the order should be reversed, with directions to the Court below to transfer the cause to Sacramento county for trial.

BALDWIN, J.—I concur in the judgment of reversal. I think, however, that the statute of 1858 authorizes suit to be brought in any county designated in the complaint, when the residence of the defendant is unknown. But this provision must receive a reasonable construction. A willful or careless ignorance of the residence of the defendant does not put it in the power of the plaintiff to sue him in any county of the State, however remote from his residence; for if this were so, the effect of the rule would be practically to repeal this provision requiring suit to be brought in the county of the residence of defendant. It would be putting it in the power of the plaintiff, by keeping ignorant of the facts, or feigning ignorance, to sue where he pleased, and thus fraud would be encouraged and oppression practiced. To resist the application of the defendant, the plaintiff should have shown that he used all proper diligence to ascertain the residence of defendant before suit, and failed. He does not show this by his affidavit, or otherwise.

I agree in the other views of the Chief Justice, except that as the construction of the statute presents a novel question, and the practice is unsettled, I think the parties should have an opportunity of fully presenting the merits of the motion on the return of the cause; and for that purpose it is remanded.

COPE, J.—I concur in the judgment of reversal, upon the ground

that the affidavit of the plaintiff does not show that he used due diligence to ascertain the residence of the defendant. I also concur in the conclusion of Mr. Justice Baldwin, that the parties should have an opportunity, on the return of the cause, to present the motion on its merits.