Jenkins *v.* The California Stage Co.

---

JENKINS *v.* THE CALIFORNIA STAGE CO.

THE principal place of business of a corporation is its *residence* within the meaning of that term as used in Sec. 20 of the Practice Act, fixing the place of trial.

On application by defendant to change the place of trial on the ground of residence, the plaintiff may resist by showing that the convenience of witnesses and the ends of justice will be promoted by the retention of the cause, and the Court may, on a proper showing of such facts, refuse to change the venue.

APPEAL from the Fourteenth Judicial District.

At the time of the proceedings on motion for change of venue referred to in the opinion, no pleadings had been filed on the part of defendant.

*C. E. Filkins,* for Appellant.

I.   The principal place of business of a corporation is its residence within the meaning of that term in the statute relating to place of trial.  (*Louisville R. R. Co.* v. *Letson,* 2 How., U. S., 557 ; Angell & Ames on Corporations, Sec. 407.)

II.   Until issue of fact joined, it is impossible to determine the question of convenience of witnesses, and the motion for change of venue on that ground should be made after the transfer to the Court in the county where defendant resides.

*John Garber,* for Respondents.

Cited *Loehr* v. *Latham* (15 Cal. 418).

35

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an appeal from an order refusing to change the place of trial, on motion made by the defendants. The action was brought in Nevada County, and the application was made on the ground that the defendant was a corporation, that its principal place of business was in Yuba County, and that the latter county was, therefore, the " residence " of the corporation within the meaning of that word as used in Sec. 20 of the Practice Act. The application was opposed on the ground that the convenience of witnesses required that the action should be tried in Nevada County. The modern decisions very generally concur in giving corporations a local existence, like persons, and hold them to be properly included within the terms citizens, inhabitants, residents, and the like. (*Louisville R. R. Co.* v. *Letson*, 2 How., U. S., 497; Angell & Ames on Corporations, 404–407, 6, 265, 440.) Every corporation has some locality where its principal office or place of business is established, and it may very properly be said to " reside" at such locality, and to be included within that term as used in Sec. 20 of the Practice Act.

When a defendant applies for a change of the place of trial, on the ground that the action was not brought in the county where he resides, the plaintiff has a right to oppose the motion by showing that the " convenience of witnesses and the ends of justice would be promoted " by refusing the change, and such facts should govern and control the Court in determining the question whether the application for the change should be granted or not. (*Loehr* v. *Latham*, 15 Cal. 418 ; *Pierson* v. *McCahill*, 22 Id. —.) There was no abuse of the discretion which the law vests in the District Court upon these questions in its action in this case, and the order is therefore affirmed.