[No. 3,688.]

# THOMAS EDWARDS v. THE SOUTHERN PACIFIC RAILROAD COMPANY.

CHANGE OF VENUE.—If the action is brought in a county other than that in which the defendant resides, and he moves for a change of venue on this ground, the plaintiff, if he wishes to have the action tried in the county where the action was brought, on account of the convenience of witnesses, must make a counter motion to have it retained. He cannot permit the venue to be changed, and then move to return the case to another county.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The defendant was a corporation. The action was commenced in the county of Santa Clara. The defendant moved to change the venue to the City and County of San Francisco. The Court denied the motion, and the defendant appealed from the order.

The other facts are stated in the opinion.

*Frs. E. Spencer* and *McCullough & Boyd,* for the Appellant.

*B. P. Rankin* and *Wm. Matthews,* for the Respondent.

*S. W. Sanderson,* for the Appellant, in reply.

By the Court, RHODES, J.:

The motion to change the venue of this case was based on the fact that the principal place of business, and, therefore, the residence of the defendant, is in the City and County of San Francisco, and not in the county where the action was brought. The plaintiff made a motion to retain the cause, on the ground that the convenience of witnesses would thereby be promoted. The motions were made before the Code of Civil Procedure took effect.

It is insisted that the defendant has the absolute right to a change of venue; and that if it should appear after the

venue is changed that the convenience of witnesses will be subserved by changing the venue back to the county where the action was brought, or any other county, the order may then be made, upon a proper motion.

In *Jenkins* v. *California Stage Company*, 22 Cal. 537, this question was presented for consideration. The defendant moved for a change of venue on the same ground as in this case, and the plaintiff opposed it on the ground that the convenience of witnesses and the ends of justice would be promoted by refusing the change; and this Court affirmed the order of the Court below in refusing to change the venue. In support of that decision the Court cited *Loehr* v. *Latham*, 15 Cal. 418, and *Pierson* v. *McCahill*, 22 Cal. 127. In the first case, the Court intimated that that was the proper practice, and in the last case the venue had been changed, on the motion of the defendant, to the county in which he resided, and the plaintiff thereafter moved to change the venue to the county in which the action was brought, on the ground that the convenience of the witnesses would thereby be promoted; and it was held that the motion came too late—that it should have been made when the defendant applied for the change. This rule has been acquiesced in, and acted upon, for many years, and was followed in the recent case of *Hanchett* v. *Finch*, 47 Cal. 192, and we do not feel justified in giving a new construction to the provisions of the Practice Act, involved in the question.

Order affirmed.

Neither Mr. Justice Niles nor Mr. Justice McKinstry expressed an opinion.