97   135
97   643
97   135
102   48

[No. 14561.   Department Two. — January 6, 1893.]

## S. M. BUCK, Appellant, *v.* THE CITY OF EUREKA. Respondent.

Statutory Construction — Remedial Statutes — Rules of Procedure. — Remedial statutes should be liberally construed in favor of the remedy, and rules of procedure are remedial in their nature.

Id. — Change of Place of Trial — Construction of Code. — The provisions of section 396 of the Code of Civil Procedure, relating to change of the place of trial, should be liberally construed, and a substantial compliance with its terms is sufficient.

Id. — Form of Demand. — A written demand for the change of place of trial of an action is not insufficient because the attorneys of the defendant, describing themselves as such, say that *they* demand, instead of saying that the *defendant* demands, the change.

Id. — Action against Municipal Corporation — Construction of Constitution. — Section 16 of article XII. of the constitution, which provides for the place of trial of actions against corporations, relates exclusively to private corporations, and has no application to a suit against a public municipal corporation.

Id. — Residence of Corporations. — It is the settled law of this state that a domestic trading corporation resides in the county where it has its principal place of business; and a municipal corporation, though not capable of having a residence in the restricted sense of the word, occupies a position in regard to residence as favorable as an ordinary trading corporation.

Id. — Residence of Municipal Corporation — Change of Place of Trial. — A municipal corporation is a resident of the county wherein

its territory lies and all its constituents reside; and it has a right, when an action, which should have been brought against it in the county of its residence, is brought outside of the county, to demand a transfer of the cause to the county of its residence.

APPEAL from an order of the Superior Court of Humboldt County changing the place of trial of an action.

The facts are stated in the opinion of the court.

*Charles J. Heggerty, Knight & Heggerty, S. M. Buck, pro se, and W. C. Belcher,* for Appellant.

A party asking a change of venue must bring himself clearly within the statutory provision entitling him to the change. (*Powell* v. *Sutro,* 80 Cal. 561.) He must make the demand in writing. (Code Civ. Proc., sec. 369; *Pennie* v. *Visher,* 94 Cal. 523.) The demand by the attorneys is insufficient, as it does not, by its terms, show that it is the instrument of the client. (Mecham on Agency, secs. 419, 807.) The term "resident" cannot be properly applied even to a private corporation. A corporation has no residence within the meaning of sections 395 and 396 of the Code of Civil Procedure. (*Cal. etc. R. R. Co.* v. *Southern Pacific R. R. Co.,* 65 Cal. 394, 409; *Thomas* v. *Placerville etc. Min. Co.,* 65 Cal. 601; *Howell* v. *Stetefeldt Furnace Co.,* 69 Cal. 154.) The defendant should be regarded, as to the contract in question, as a private company. (*Holland* v. *San Francisco,* 7 Cal. 377; *Argenti* v. *San Francisco,* 16 Cal. 270; *Bailey* v. *Mayor,* 3 Hill, 540; 38 Am. Dec. 669; *Lloyd* v. *New York,* 5 N. Y. 374; 55 Am. Dec. 347.) Regarded as a private company, it falls directly within article XII., section 16, of the constitution, and the action should have been brought where the contract was to be performed. (*Fresno Nat. Bank* v. *Superior Court,* 83 Cal. 496; *Chase* v. *South Pacific Coast R. R. Co.,* 83 Cal. 468; *Kendrick* v. *Diamond Creek etc. Gold Min. Co.,* 94 Cal. 137.)

*J. N. Gillett,* and *Haven & Haven,* for Respondent.

The demand of the attorneys for a change of venue was sufficient, as they had authority to sign it. (*People* v.

*Larue,* 4 West Coast Rep. 697.)   A private corporation has its residence in the county where its officers reside and where its principal place of business is.  (*Jenkins* v. *Cal. Stage Co.,* 22 Cal. 538; *Cohn* v. *C. P. R. R. Co.,* 71 Cal. 488; *United States* v. *De Vaux,* 5 Cranch, 84.)   The same reasons which apply to the case of a private corporation apply to a municipal corporation.

BEATTY, C. J. — The defendant is a municipal corporation composed of the inhabitants of a city in Humboldt County.   The action, which is for the value of legal services performed at San Francisco, was commenced in the superior court of the city and county of San Francisco.   On motion of defendant, the court made an order changing the place of trial of the action to Humboldt County.   The plaintiff appeals from this order.

The first point made in support of the appeal is, that the defendant made no written demand for a change of the place of trial, such as is required by section 396 of the Code of Civil Procedure.   There was a written demand filed at the proper time in the following form: —

" To the Honorable Judge of said Court, and to Charles

    J. Heggerty, Esq., Attorney for said Plaintiff: —

" We hereby demand that the place of trial of this cause be changed to the proper county, viz., the county of Humboldt, California.

" Dated this first day of September, 1890.

                        "J. N. GILLETT,

                                " Eureka, California.

                    "HAVEN & HAVEN,

                            "San Francisco, California."

It is contended that this was a demand, not by the defendant, but by its attorneys, and in favor of such construction it is insisted that the provisions of the statute relating to change of the place of trial must receive a strict construction.   We know of no reason why they should be subjected to a strict construction.   The rule, on the contrary, is, that remedial statutes should

be liberally construed in favor of the remedy, and rules of procedure are remedial in their nature. The law advises the plaintiff as to the proper county in which to commence his action, and he ought to follow the rule prescribed. He is indulged so far, however, that when the county in which the action is commenced is not the proper county for the trial, the action may nevertheless be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper county. (Code Civ. Proc., sec. 396.) With respect to the demand here required, nothing appears to have been deemed essential, except that it be made in writing, — like motions generally, — and that it be made promptly before the court in which the action was commenced has been called upon to deal with its merits. Subject to these reasonable conditions, the fullest recognition should be accorded to the right of the defendant to have the case transferred to the proper county. The cases in which it has been held that, in addition to written notice of his intention to move for a change of the place of trial, the defendant must also serve and file another paper in the literal form of a demand for a change (a proceeding entirely superfluous), seem to have gone as far in the way of strictness as there is any call for. Here we have, in addition to a notice of the motion, a demand in writing, the only objection to which is, that the attorneys of the defendant, describing themselves as such, say that *they* demand, instead of saying that the *defendant* demands. It may be that they do not formally comply with the literal terms of the statute, but they have satisfied its reason by a substantial compliance, and that is sufficient.

Coming to the merits of the order, we will notice, in the first place, the contention of appellant, that the right to commence the action and have it tried in San Francisco is given by section 16 of article XII. of the constitution. To this view we cannot assent. The twelfth article of the constitution relates exclusively to private

corporations, and consequently the provisions of section
16 have no application to a suit against a public muni-
cipal corporation.    The statute alone must be looked to
for a definition of the right of defendant as to the place
of trial of this action; and as there is no specific provis-
ion on the subject of actions against municipal corpo-
rations, other than counties, the question is narrowed
down to this: whether the defendant is a resident of
Humboldt County within the meaning of the general
provision (Code Civ. Proc., sec. 395) requiring actions
like this to be tried in the county in which the defend-
ant resides.    It is argued that a municipal corporation
cannot be said to reside anywhere, because it is an
entity incapable of having a residence.    This is un-
doubtedly true in the ordinary and restricted sense of
the word "residence."    But in this respect a municipal
corporation occupies a position at least as favorable as
an ordinary trading corporation, and it is settled law
in this state that a domestic trading corporation, within
the meaning of this statute, resides in the county where
it has its principal place of business.    This was first de-
cided in 1863, in the case of *Jenkins* v. *California Stage
Co.*, 22 Cal. 537, and remained unquestioned at the time
our present code of procedure was adopted.    It must
therefore be assumed that the legislature, in adopting sec-
tion 395, intended it to apply to corporations.    One of the
departments of this court, it is true, did criticise the doc-
trine of *Jenkins* v. *California Stage Co.*, 22 Cal. 537, in two
cases decided here in 1884, and seems to have intended
to overrule it.    (*California Southern R. R. Co.* v. *Southern
Pacific R. R. Co.*, 65 Cal. 394, 409.)    In another case re-
ported in the same volume (p. 601), the other depart-
ment also seemed to doubt the correctness of the decision
in *Jenkins* v. *California Stage Co.*, 22 Cal. 537.    But in
a later case, decided by the court in Bank, the doctrine
of *Jenkins* v. *California Stage Co.*, 22 Cal. 537, was dis-
tinctly reaffirmed, as we think it ought to have been, and
the question must be considered closed.    (*Cohn* v. *Cen-
tral Pacific R. R. Co.*, 71 Cal. 488.)

By an obvious mistake in a reference, the case in 65 Cal. 394, is cited as authority in *Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 497, where it is evident the case of *Jenkins* v. *California Stage Co.*, 22 Cal. 537, was meant, for the doctrine of the earlier case is distinctly reaffirmed. It is, then, as we have said, settled law of this state that a domestic trading corporation *resides*, within the meaning of section 395 of the Code of Civil Procedure, in the county where its principal place of business is; and if so, a municipal corporation *a fortiori* resides where its territory is, and where all its constituents reside. The defendant therefore had a right to demand a transfer of this cause to Humboldt County.

Order affirmed.

McFARLAND, J., and HARRISON, J., concurred.