RUDOLPH MAISCH, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

1. RESIDENCE OF CITY AS AFFECTING JURISDICTION OF COUNTY COURT. Every city in the state is a resident of the county in which its principal place of business is located, so far as residence controls jurisdiction of County Courts. The County Court of Kings county has no jurisdiction of an action against the city of New York, which is a domestic corporation, having its principal place of business within the county of New York.

2. RIGHT TO COSTS AGAINST CITY OF NEW YORK. A plaintiff can recover costs against the city of New York in the Supreme Court, where the recovery is less than $500, by reason of such want of jurisdiction in the Kings County Court.

*Maisch* v. *City of New York*, 127 App. Div. 424, affirmed.

(Argued November 11, 1908; decided December 1, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 3, 1908, which reversed an order of Special Term denying a motion for retaxation of costs, and granted such motion.

The facts, so far as material, and the question certified are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (Samuel K. Probasco* and *James D. Bell* of counsel), for appellant.  The County Court of Kings county has jurisdiction of actions against the city of New York. (Code Civ. Pro. §§ 340, 341; *Rosenstock* v. *City of New York,* 97 App. Div. 337; 181 N. Y. 550.)

*H. C. Underhill* for respondent.  The County Court of Kings county has no jurisdiction of actions against the city of New York, and for that reason the plaintiff could not have brought this action in that court. (*Perlman* v. *Gunn,* 41 Misc. Rep. 166; *Frees* v. *Fors,* 6 N. Y. 176; *Weidman* v. *Sibley,* 16 App. Div. 616; *Raven* v. *Smith,* 148 N. Y. 415; Code Civ. Pro. § 340; *Landers* v. *S. I. R. R. Co.,* 53 N. Y. 450; *Wheelock* v. *Lee,* 74 N. Y. 495; *Heenan* v. *N. Y., W. S. & B. R. Co.,* 34 Hun, 602.) The defendant, the city of New York, is not a resident of the county of Kings within the meaning of section 340 of the Code of Civil Procedure and of article 6, section 6, of the State Constitution. (Code Civ. Pro. § 341; *Heenan* v. *N. Y., W. S. & B. R. Co.,* 34 Hun, 602; *Pearlman* v. *Gunn,* 41 Misc. Rep. 166.)

VANN, J. This action was brought in the Supreme Court, the venue being laid in Kings county, to recover damages for the alleged negligence of the defendant in so constructing a public sewer as to injure the property of the plaintiff by causing water to flow into his cellar. Upon the trial a verdict was rendered in favor of the plaintiff for the sum of $341.25, and thereupon his counsel presented a bill of costs to the clerk for taxation, but the defendant objected to the allowance of any part thereof upon the ground that the action could have been brought in the County Court of Kings county and that no costs could be recovered on account of the prohibition contained in paragraph 5 of section 3228 of the Code of Civil Procedure. From an order made at Special Term

denying a motion to tax the costs, or to direct the clerk to adjust them, an appeal was taken to the Appellate Division which reversed the order and granted the motion. Permission to appeal to this court was given, however, and the following question was certified for decision: " Has the County Court of Kings county jurisdiction over actions against the city of New York ? "

The statute relied upon by the defendant to prevent any allowance of costs provides that " In all actions hereafter brought in the supreme court, triable in the county of New York or the county of Kings, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, or the county court of Kings county, and in which the defendant shall have been personally served with process within the counties of New York or Kings, the plaintiff shall recover no costs or disbursements unless he shall recover $500 or more ; * * *." (Code Civ. Pro. § 3228, par. 5.)

The City Court of the city of New York has no jurisdiction of an action against that city, as we have recently held. (*O' Connor* v. *City of New York*, 191 N. Y. 238.) Therefore, the question whether the plaintiff is entitled to costs depends upon the answer to the question certified, which is clearly before us, although it arose in an unusual manner.

The revised Constitution provides that " County courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars. The Legislature may hereafter enlarge or restrict the jurisdiction of the county courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant." (Art 6, § 14.)

It is provided by the Code of Civil Procedure that " The jurisdiction of each county court extends to the following

actions and special proceedings, in addition to the jurisdiction, power, and authority, conferred upon a county court, in a particular case, by special statutory provisions.   *   *   *   3. To an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding two thousand dollars; *   *   *   ." (Code Civ. Pro. § 340.)

Prior to the year 1901 the charter of the city of New York conferred upon the Supreme Court exclusive jurisdiction of all actions in which the city "is made a party defendant," but by the revision of that year this provision was omitted, and the section in which it formerly appeared was re-enacted without it. But, as we said in the *O'Connor Case* (*supra*), it "would be contrary to public policy and to the canons of statutory construction" to imply from the omission a repeal of the limitation upon the jurisdiction "of the City Court" as it was then said, but the remark applies with equal force to the County Court.

The question turns, therefore, upon the provisions of the Code, which, so far as pertinent to the question before us, make the jurisdiction of County Courts depend upon the residence of the defendant, or the defendants, when there are more than one. The section following that last quoted from the Code provides a test to decide when a domestic corporation is a resident for the purpose of giving or withholding jurisdiction. Thus it provides that "For the purpose of determining the jurisdiction of a county court in either of the cases specified in the last section, a domestic corporation *   *   *   whose principal place of business is established, by or pursuant to a statute, *   *   *   or is actually located within the county, *   *   *   it is deemed a resident of the county." (§ 341.) The city of New York is a domestic corporation, according to section 3343, because it was "created by or under the laws of the state," (L. 1897, ch. 378, § 1; L. 1901, ch. 466, § 1.)

The intention of the legislature to classify the city of New York as a domestic corporation further appears by section 431, which, so far as now material, is as follows: " Personal service of the summons upon a defendant, being a domestic corporation, must be made by delivering a copy thereof, within the state, as follows: 1. If the action is against the mayor, aldermen and commonalty of the city of New York, to the mayor, comptroller or counsel to the corporation. 2. If the action is against any other city, to the mayor, treasurer," etc.

As the legislature has power to create cities, it has power to enact that a city shall be deemed a resident of the county or one of several counties within which its boundaries are located, at least for the purpose of determining the jurisdiction of County Courts. Otherwise no city in the state could be sued in a County Court, and yet the Constitution provides that " All corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." (Art. 8, § 3.)

It appears from the record that the summons and complaint in this action were served upon the defendant within the county of New York and it is conceded that the principal place of business of the city is within that county.

We think that for the purpose of determining the jurisdiction of County Courts, the legislature has treated all domestic corporations alike and has placed both municipal and business corporations in the same class. Its intention to so classify the cities of the state is emphasized by section 431, which, in regulating the service of process upon domestic corporations, *eo nomine*, expressly provides upon what city officers the summons must be served when an action is commenced against a city.

It is suggested, however, that it would be better to take a broader and more natural view and hold that a city is a resident of every county into which its territory extends, but that subject is not for the courts to deal with. A corporation necessarily resides, so far as a corporation can have a place of

residence, within the territory of the sovereignty which created it. (*St. Louis* v. *Ferry Co.*, 11 Wall, 423, 429.) In this state the legislature creates municipal corporations and confers upon them such powers and attributes as it sees fit. We think it has conferred upon every city in the state the attribute of residence in that county in which its principal place of business is located, so. far as residence controls the jurisdiction of County Courts. While we do not usually speak of a city as carrying on business, any more than a charitable corporation, still it does carry on the important business of government and its principal place of business within the meaning of the statute under consideration is that place where its chief governmental functions are exercised. It was held of a city in Ohio, located in two counties, that its "principal office or place of business" was in the county "where its principal seat of municipal government is located." (*City of Fostoria* v. *Fox*, 60 Ohio St. 340; 54 N. E. Rep. 370.)

We think the plaintiff is entitled to costs because the County Court of Kings county has no jurisdiction of an action against the city of New York. The order appealed from should, therefore, be affirmed, and the question certified answered in the negative.

Gray, Haight, Hiscock and Chase, JJ., concur; Cullen, Ch. J., and Willard Bartlett, J., dissent.

Order affirmed.