## Saríe *v.* Porto Rican Leaf Tobacco Co.

### Appeal from the District Court of Ponce.

#### No. 282.—Decided April 12, 1909.

Transfer of the Case—Affidavit of Merits—Sworn Answer.—Even though the defendant in seeking a transfer of the case does not comply strictly with article 82 of the Code of Civil Procedure, accompanying the motion asking for a transfer of the case by an affidavit of the merits of the case, and the judge of the court below maintains in his opinion that a full answer duly sworn to was presented by the defendant, and although we do not find such answer in the record, we must admit that it has the same force and virtue as an affidavit of merits, the absence of which we do not, therefore, take into consideration because its omission in this case does not affect the material rights of the parties, thus confining ourselves to a consideration of the provisions of section 142 of the Code of Civil Procedure.

Foreign Corporations—Corporations Organized Under the Laws of a State.—Section 65 of the Civil Code does not establish that corporations organized under the laws of any State of the United States are foreign corporations, but places them on the same footing as corporations of any foreign Government as to compliance with the formalities prescribed in said section.

Corporations—Legal Residence—Personal Actions.—The fact having been established that the defendant corporation has its legal residence in the city of San Juan, the action brought against it for damages must be heard in the district of San Juan, in which it resides.

Transfer of the Case—Convenience of the Witnesses—Authority of the Court to Determine Such Convenience.—When a defendant applies for a change of the place of trial on the ground that the action was not brought in the district where he resides, the plaintiff has a right to oppose such motion by showing "that the convenience of the witnesses and the ends of justice would be promoted" by denying the motion for transfer, and the court in which the motion has been presented must consider the allegations of both parties and, on the merits of same, decide such motion.

Id.—Convenience of the Witnesses—Sufficiency of the Opposition.—It is not sufficient to allege in an opposition to a motion for the transfer of a case that the convenience of the witnesses require that the case be not transferred because they were residents of the district where the action had been brought, but it must set forth the importance and necessity of them, showing the character of the testimony they were expected to give, not in exact terms but in such manner as to permit the court to determine for itself respecting the importance of such witnesses and the necessity for their presentation.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

The respondent did not appear.

MR. ACTING CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In this case the defendant, which is The Porto Rican Leaf Tobacco Co., filed a motion in the District Court of Ponce before which the case came for trial, seeking to have the case transferred to the District Court of San Juan, alleging that the plaintiff, Francisco Saríe Bonilla, claimed damages for an accident which had occurred in the municipal district of Aibonito, and the defendant being a corporation having its principal office on Tetuan Street in the city of San Juan, the trial should be held in the last-mentioned court, in view of the provisions of section 81 of the Code of Civil Procedure.

The facts alleged in the motion were sworn to by the president of The Porto Rican Leaf Tobacco Co., but the transcript of the record does not contain either a copy of the complaint or of the answer thereto which the defendant alleges he attached to said motion.

The plaintiff opposed the transfer sought and prayed that the trial should be held in the District Court of Ponce, on account of the convenience of the witnesses, one of whom lived in Ponce and three in Aibonito, from where communication with Ponce was easier and shorter than with the capital of the Island.

The Ponce court in deciding the motion used the following language:

"In the District Court of Ponce. *Francisco Saríe* v. *The Porto Rican Leaf Tobacco Co.* The plaintiff resides in Aibonito, in the judicial district of Guayama. The defendant company, according to the pleadings, is a corporation organized under the laws of the State of New Jersey, and duly registered in the office of the Secretary of Porto Rico, with its principal office in the municipality of San Juan, in the judicial district of the same name. The court holds that for the purposes of section 81 of the Code of Civil Procedure, the district in which the principal office of a foreign corporation is situated is the district in which an action against such corporation must be brought. This court, therefore, has the power to transfer this action to the Dis-

trict of San Juan, in accordance with the first subdivision of section 83 of the Code of Civil Procedure. The plaintiff advanced the argument that such transfer cannot be made at the present stage of the proceedings, because the affidavits of merits referred to in section 82 of the Code of Civil Procedure has not been filed. It is true that no affidavit of merits has been presented; but it is also true that a full answer duly sworn to by the president of the defendant company has been presented. If a demurrer only had been filed, the court would insist on the presentation of an affidavit of merits, but in these proceedings such affidavit is not indispensable. The defendant is entitled to have this case transferred to the district of its domicile—that is to say, to the district of San Juan. Therefore, this court cannot consider the motion as to the convenience of the witnesses. Such motion must be submitted to the consideration of the District Court of San Juan. The motion for the transfer is allowed, without costs. Ponce, P. R., April 14, 1908. Martin E. Gill, District Judge.''

Counsel for the plaintiff took an appeal from the foregoing decision, and in his brief filed in this Supreme Court he prays for the reversal of the order appealed from and that an order issue to the District Court of Ponce to take cognizance of this case, to which end he alleges:

1. That the affidavit of merits is indispensable in order to allow a motion to transfer, and that a sworn answer is not sufficient, according to the provisions of section 82 of the Code of Civil Procedure.

2. That according to section 65 of the Civil Code, a corporation of a State of the Union is a foreign corporation.

3. That a foreign corporation, according to the jurisprudence of California, has no domicile in said State, and may be sued there in any county, for which reason it has no domicile in Porto Rico either and may be sued in any district, and it cannot be argued in opposition that the corporation has a place for its business or a principal office in a specific place. (*Thomas* v. *Placerville, G. Q. Min. Co.*, 65 Cal., 600.)

4. That the motion to change the place of trial may be contested on the ground of the convenience of the witnesses, and the court before which the action is pending had jurisdiction

to decide it.　(*Cook* v. *Pendergast,* 71 Cal., 76; *Stanchett* v. *Jinch,* 47 Cal., 172; *Loehr* v. *Latham,* 15 Cal., 418; *Jenkins* v. *Cal. Stage Co.,* 22 Cal., 537; *Edwards* v. *Southern Pac. R.R. Co.,* 48 Cal., 460.)

It is true that section 82 of the Code of Civil Procedure provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper district.

Although the defendant in requesting the transfer did not strictly comply with the said provisions by attaching to the motion for the transfer of the action an affidavit of merits, the trial judge maintains in his opinion that a full answer duly sworn to by the president of the defendant corporation had been filed, and although we do not find it in the record, we must admit that it has the same force and virtue as an affidavit of merits, the absence of which we do not therefore take into consideration because its omission in this case does not affect the material rights of the parties, thus confining ourselves to a consideration of the provisions of section 142 of the Code of Civil Procedure.

Section 65 of the Civil Code does not provide that corporations organized under the laws of any State of the United States are foreign corporations, but places them on the same footing as corporations of any foreign Government as to compliance with the formalities prescribed in said section; but whether The Porto Rican Leaf Tobacco Co. is foreign corporation or not, it is a fact that according to section 78 of the Code of Civil Procedure, it has its legal residence in this city of San Juan, and this being the case, the action brought against it for damages must be heard in the district of San Juan in which it resides, according to the specific provisions of sections 81 of the said Code.

We do not find any provision in the Civil Code of California equivalent to the provisions of section 78 of our Code, and,. therefore, it is useless to invoke the jurisprudence of the Supreme Court of that State.

We cannot agree with the doctrine maintained by the lower court that it cannot consider the motion that it maintain jurisdiction of the case on account of the convenience of the witnesses, on the ground that such a motion should be submitted to the consideration of the District Court of San Juan, because if the defendant requested the transfer of the action because it had its residence in the city of San Juan and the plaintiff opposed it, invoking the convenience of the witnesses, the court should have considered the allegations of both parties, and decided the motion on the merits.

Section 396 of the Code of Civil Procedure of California, is exactly identical to section 82 of our Code, and, therefore, we must accept the jurisprudence of the Supreme Court of that State on the question here involved.

In the case of *Jenkins* v. *The California Stage Co.,* the Supreme Court of California held: When a defendant applies for a change of the place of trial, on the ground that the action was not brought in the country where he resides, the plaintiff has a right to oppose the motion by showing that the "convenience of witnesses and the ends of justice would be promoted" by refusing the change, and such facts should govern and control the court in determining the question whether the application for the change should be granted or not. *Loehr* v. *Latham,* 15 Cal., 418; *Pierson* v. *McCahill,* 22 Id.—.)

Considering, therefore, the opposition of the plaintiff to the transfer of the action to San Juan, on the ground of the convenience of the witnesses, we, like the District Court of Ponce, have jurisdiction to consider that question; we are of the opinion that the plaintiff did not place the court in a position to be able to determine where the convenience of the witnesses required that the trial should be held, whether in

San Juan or in Ponce, because to this end it was not sufficient to allege that the witnesses reside in Aibonito and in Ponce, but an effort should have been made to show the character of the testimony they were to give, in order thus to permit of a determination of the importance of such witnesses, and the necessity for their presentation. It might very well have been possible for such witnesses to have been substituted by others residing in San Juan, or that their testimony could have been taken in Ponce if it were established that it was impossible for them to come to San Juan.

We have established this doctrine heretofore in the case of *Arzuaga & Co.* v. *Joaquín Aramburu,* decided March 25th last.

In view of what has been stated, we cannot arrive at the conclusion that the convenience of the witnesses required the case to remain in Ponce, notwithstanding that it came under the jurisdiction of the District Court of San Juan; and, consequently, the order appealed from should be affirmed, in so far as it sustains the motion for the transfer, without any special taxation of costs.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.