[Sac. No. 2351. In Bank.—September 21, 1915.]

## ELIZA A. GALLUP et al., Respondents, v. SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT, Appellant.

CORPORATIONS—DRAINAGE DISTRICTS—RESIDENCE—PRINCIPAL PLACE OF BUSINESS—SECTION 392, CODE OF CIVIL PROCEDURE.—A corporation, like an individual, has a legal residence somewhere, and it is thoroughly settled that within the contemplation of such statutes as section 392 of the Code of Civil Procedure, a private corporation must be held to reside at the place "where its principal office or place of business is established," and this applies to a municipal corporation, as well as to a public body known as a drainage district.

ID.—DRAINAGE DISTRICTS—CORPORATIONS—POWERS OF LEGISLATURE TO CREATE.—The public body known as the defendant drainage district, created by an act of the legislature approved May 26, 1913 (Stats. 1913, pp. 252–276), amending a previous act (Stats. 1911, pp. 117, 118), for the purpose of controlling the flood water of the Sacramento River and its tributaries, establishing and creating by-passes or overflow channels to carry and convey such flood water, to acquire property and easements for such purposes and to pay for the same by assessments to be made and levied upon the lands within the drainage district, which district is managed and controlled by a reclamation board comprising seven members, is a corporation, although not a private or municipal corporation, but nevertheless one which the legislature has the power to create and control. Its principal place of business, and place of residence, is Sacramento County.

ID.—CONSTRUCTION OF SECTION 16, ARTICLE XII OF CONSTITUTION—APPLICABLE TO PRIVATE CORPORATIONS ONLY.—The twelfth article of the constitution relates exclusively to private corporations, and consequently the provisions of section 16 have no application to a suit against a public or municipal corporation, nor against a drainage district; and the contention that under this section an action against a drainage district for compensation for land taken for a by-pass may be tried *at the election of the plaintiff* "in the county where the contract is made, or is to be performed, or where the liability arises or the breach occurs, or in the county where the corporation has its principal place of business," cannot be maintained.

ID.—CLAIM FOR LAND TAKEN FOR BY-PASS—CHARACTER OF ACTION ON—VENUE.—Under the first provision of the act creating the defendant drainage district, the person who, with the consent of the reclamation board, has provided or left land for a by-pass or waterway for the purpose of complying with the plans, is entitled to "proper compensation . . . for the right of way or easement through such

by-pass," prior to the conveyance, where the board has accepted his proffer and, with his consent, has gone into possession, and an action to recover such compensation is not one for injury to real property within the meaning of section 392 of the Code of Civil Procedure, and does not differ in character from any ordinary action to recover money due upon contracts, and it is in no sense a local action; and such an action should on motion of the defendant therefor be changed for trial to the county where the defendant's legal residence is.

APPEAL from an order of the Superior Court of Yolo County denying a motion for a change of place of trial. W. A. Anderson, Judge.

Sullivan & Sullivan and Theo. J. Roche, and C. H. Oatman, for Appellant.

A. C. Huston, and A. L. Shinn, for Respondents.

ANGELLOTTI, C. J.—This is an appeal by defendant from an order denying its motion for a change of place of trial from the superior court of Yolo County, in which the action was instituted, to the superior court of Sacramento County, on the ground that the county of Sacramento is the proper county for the trial of said action. The basis of defendant's claim that Sacramento County, rather than Yolo County, is the proper county for the trial of the action, is that defendant is a corporation whose legal residence is in Sacramento County, and that the proper county for the trial of the action, under our law, is the county in which defendant resides. Disputing the claim that defendant has a legal residence in Sacramento County, or, indeed, in any particular county, plaintiffs further claim that regardless of the place of defendant's residence, Yolo County is the proper county for the trial of the action for the reason that the action is one for damages for "injuries to real property" situated in that county, within the meaning of that term as used in section 392 of the Code of Civil Procedure, which section provides that various actions relative to real property, including actions for "injuries to real property" must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in certain cases not material here to specify. Plaintiffs further suggest that the action is one "for the de-

termination of a right or interest'' in real property, also a local action under section 392 of the Code of Civil Procedure, but this claim is so manifestly without support in the record that it may be dismissed without notice.

The complaint shows the following: Defendant is a ''public body or corporation'' known as a drainage district, created by an act of the legislature approved May 26, 1913 (Stats. 1913, pp. 252–276), amending a previous act (Stats. 1911, [Ex. Sess.] pp. 117, 118), for the purpose of controlling the flood water of the Sacramento River and its tributaries, establishing and creating by-passes or overflow channels to carry and convey such flood waters, to acquire property and easements for such purposes, and to pay for the same by assessments to be made and levied upon the lands within the drainage district. The district is managed and controlled by a reclamation board comprising seven members. This board has duly and lawfully adopted a plan for controlling said flood waters. As part of such plan, it has laid out and adopted by-passes and overflow channels, locating and fixing the boundaries thereof, and has directed the construction of levees along the same. One of said by-passes or channels is located in Yolo and Solano counties, and is known as ''The Yolo by-pass.'' In the year 1914 said board duly adopted a resolution fixing the boundaries of said Yolo by-pass, and adopting the same for the passage and flow of said flood waters. Certain lands of plaintiffs situate in Yolo County, and described in the complaint, are included in said ''Yolo by-pass'' as defined by said board, and on this land are certain valuable improvements which will be destroyed and rendered valueless by such use of said property. ''Plaintiffs, with the consent of said reclamation board, have provided and left all of said . . land . . . for a by-pass and waterway for the purposes of complying with'' said plans, and ''defendant has located, adopted, and used and is now using said land . . . and will continue to use the same perpetually'' for said purposes, ''and said land . . . is thereby injured and damaged.'' No compensation has been made to plaintiffs for said land or for a right of way or easement over the same. Proper compensation therefor is sixty-five dollars per acre, ''which,'' together with the value of the improvements, ''is the amount of the permanent injury to said land caused'' by its appropriation to said uses. Plaintiffs seek judgment for sixty-five dollars

for each and every acre of said land and for two thousand eight hundred and fifty dollars, the value of the improvements.

If this action is not what is called a local action by reason of the provisions of section 392 of the Code of Civil Procedure, defendant is entitled to have it tried in Sacramento County if it is a corporation whose legal residence is in that county. (Code Civ. Proc., sec. 395.) It is universally held that a corporation, like an individual, has a legal residence somewhere, and it is thoroughly settled that within the contemplation of such statutes as the section last quoted, a private corporation must be held to *reside* at the place "where its principal office or place of business is established." (See *Jenkins* v. *California Stage Co.*, 22 Cal. 537; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488, [12 Pac. 498]; *Trezevant* v. *Strong Co.*, 102 Cal. 47, [36 Pac. 395]; *McSherry* v. *Penn. C. G. M. Co.*, 97 Cal. 637, 643, [32 Pac. 711].) In some states substantially such a provision is expressly made by statute, and in this state it is settled law under our decisions. This doctrine was held applicable in the case of a municipal corporation in *Buck* v. *City of Eureka*, 97 Cal. 135, [31 Pac. 845], where it was said that "in this respect a municipal corporation occupies a position at least as favorable as an ordinary trading corporation." No good reason appears why the same rule should not apply to such a corporation, or, indeed, to any public corporation. It is true that in the case last cited the court said that if a private corporation must be held to reside in the county where its principal place of business is, "a municipal corporation *a fortiori* resides where its territory is, and where all its constituents reside." But this statement was made merely by way of argument, and in no wise detracts from the real ground of the decision, which was that a municipal corporation, like a private corporation, must be held to have its legal residence in the county wherein it has its principal place of business. Ordinarily, of course, a city lies wholly within a single county, and both all its property and all of its inhabitants are in that county. But this is not always the situation, as is shown by the case of *City of Fostoria* v. *Fox*, 60 Ohio St. 340, [54 N. E. 370], where part of the city was in Hancock County and part in Seneca County. The seat of government, the principal place of business, was in the latter county, and it was held that an action

not local in its nature could be maintained against it only in such county. It was said that the *situs* of a city is to be determined by the place where its principal seat of municipal government is located, and in response to the claim that the city had a *situs* in each of two counties, it was said that this could not be true in the case of a city any more than in the case of an individual. (See, also, *Maisch* v. *City of New York*, 193 N. Y. 460, [86 N. E. 458].) Defendant is a corporation, for it is expressly declared by the statute to which we have referred to be "a body corporate and politic," with power to sue and be sued, to acquire property, etc. Of course such corporations as these are not private corporations nor yet corporations for municipal purposes, but nevertheless they are corporations which the legislature has the power to create and control. (See *People* v. *Levee District No. 6*, 131 Cal. 30, [63 Pac. 676].) And we can see no reason to doubt that the rule as to residence applicable to municipal corporations must be held applicable to such corporations. It is provided by the act "that the reclamation board shall have its office at the city of Sacramento," which city is wholly within Sacramento County. The seat of government of the corporation, its principal place of business, is thus fixed in Sacramento County, and it must be held that such county is the one in which it resides, regardless of the fact that its property is located in several counties.

It is claimed that in view of section 16 of article XII of the constitution, the action may be tried *at the election of the plaintiff* either "in the county where the contract is made or is to be performed, or where the liability arises, or the breach occurs; or in the county where the corporation has its principal place of business." (*Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694, [115 Pac. 318].) But this very point was decided against plaintiffs' claim in *Buck* v. *City of Eureka*, 97 Cal. 135, [31 Pac. 845], where the court said: "The twelfth article of the constitution relates exclusively to private corporations, and consequently the provisions of section 16 have no application to a suit against a public municipal corporation."

We are thus brought to a consideration of the principal question on this appeal, viz.: whether the action is one for damages for "injuries to real property" within the meaning of that term as used in section 392 of the Code of Civil Procedure.

The act creating defendant drainage district [Stats. 1913,. p. 268], provides that the reclamation board shall have power to acquire "by purchase, condemnation or by other lawful means in the name of the district" all lands, easements, etc., requisite to the purposes contemplated by the act, including by-passes, levees, etc., and to make contracts to indemnify or compensate any owner of land or other property for any damage or injury necessarily caused by the exercise of its powers, or arising out of the use, taking or damage of any property for any such purpose. Provision is made for the levying of assessments on the lands in said district to pay all amounts for which the district may be liable, the proceeds thereof to be deposited in the state treasury to the credit of the district. By section 18 of the act it is provided as follows: "If any . . . person within said drainage district, with the consent of the reclamation board, has provided or left, or shall hereafter provide or leave, any land for a by-pass or waterway for the purpose of complying with the plans as set out in the report of the California Debris Commission, . . . the said by-pass . . . shall be considered as a part of the work to be done pursuant to the provisions of this act and proper compensation shall be made for the right of way or easement through such by-pass. When such compensation shall have been made, such . . . person shall convey to the said drainage district a perpetual easement in said by-pass . . . for all purposes necessary to accomplish the objects of said report of California Debris Commission." In the same section it is further provided that in the event that any person has allowed or "shall allow any land to be used for the purpose of a by-pass or waterway to comply with the plans of said California Debris Commission herein referred to, and shall convey a perpetual easement therein to said drainage district, . . . he . . . shall have a claim against the said drainage district for the reasonable cost of such right of way or other easement, . . . and an assessment shall be levied upon the lands in said drainage district benefited thereby so that the same may·be paid, or such cost may be included as one of the items in any assessment that may be levied in the said drainage district." It is claimed that the latter of these provisions has no application to the case at bar, and it may be that it is limited in its effect to the case of one who *has conveyed* to the district. However, we regard this as immaterial.

Under the first provision, the person who, with the consent of the reclamation board, has provided or left land for a by-pass or waterway for the purpose of complying with the plans, is entitled to "proper compensation . . . for the right of way or easement through such by-pass," prior to conveyance, certainly where the board has accepted his proffer and, with his consent, has gone into possession, as is alleged here, and this compensation can be realized only through an assessment on lands in the drainage district. In the light of the provisions of the act, under which it must be held all the parties have acted, the complaint simply shows a case where the owners of land embraced within a proposed by-pass and waterway of defendant district, according to its plans regularly adopted, have, with the consent of the district, *voluntarily provided and left all of the same for such purpose, and allowed the district to take possession thereof for that purpose,* upon the promise of the district that "proper compensation" shall subsequently be made therefor. We are not concerned here with any question as to whether the complaint sufficiently states a cause of action, in view of the provisions of the act, and are considering the allegations simply for the purpose of determining the character of the action. Its allegations are probably sufficient to show that the district has in fact accepted possession of and is using the land for its purposes. Is an action to recover the "proper compensation" under such circumstances one for injuries to real property within the contemplation of our code provision? We are unable to see that it is in any way different in character from an ordinary action to recover money due upon a contract for the sale of land, where with the consent of the vendor the vendee has gone into possession, except in the single particular that the amount of proper compensation has not been specified in the contract, but remains to be determined, and this difference we do not regard as material. In fact, we may readily conceive of contracts for the sale of land where the amount of compensation is expressly left to be determined in the future, and where by reason of differences between the parties a judicial inquiry may be essential to determine it. Such, for instance, would be a contract where the vendee agreed to pay the reasonable value of the property, the amount not being specified. In either case the action is purely one for money due on contract, and in no sense a local

action.   This was expressly held as to an action for the purchase price of realty under a contract for sale, where the amount due was specified in the contract and where the vendor had not conveyed (*Samuel* v. *Allen,* 98 Cal. 406, [33 Pac. 273]), the court saying that the action was "for money due, as much so as though suit were upon a promissory note," although land was the subject of the contract.   (See, also, *Anaheim Odd Fellows Hall Assn.* v. *Mitchell,* 6 Cal. App. 431, [92 Pac. 331].)   Here the state has made a certain offer to all landowners whose land is included in proposed by-passes and waterways of the district, which offer these plaintiffs have accepted by voluntarily delivering to the district possession of the property required.   In view of the provisions of the act, they must be held to have done this upon the terms and conditions specified in the act, viz.: that the district will give them "proper compensation for the right of way or easement."   Their only right is one to the compensation thus agreed to be made, and their action here can be nothing other than an action therefor.   That the "proper compensation" thus agreed to be given is to be measured by the loss or damage caused to the owner by devoting the property to the purposes of the perpetual easement, assuming that to be the proper measure of recovery, we do not think at all affects the question.   It may well be, as claimed by learned counsel for respondents, that the term "proper compensation" as used in the act means this, but if so it simply results that such was the compensation *agreed to be made,* and that the action to recover such compensation is an action on the contract.   The inquiry into the amount of such loss or damage is simply for the purpose of ascertaining the amount of compensation agreed on.   In view of the allegations of the complaint, construed in the light of the provisions of the act, we are of the opinion that the action cannot be held to be one for injuries to real property within the meaning of section 392 of the Code of Civil Procedure.

The order appealed from is reversed.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Lawlor, J., concurred.

Rehearing denied.