CARLO, PLAINTIFF AND APPELLEE, *v.* CENTRAL BAYANEY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

MOTION of the Appellant for Change of Venue.

No. 1835.—Decided April 4, 1919.

VENUE—CHANGE OF VENUE—RESIDENCE—CONVENIENCE OF WITNESSES.—When the defendant demurs to the complaint and at the same time moves for change of venue on the ground of residence, the plaintiff cannot oppose the change by setting up the convenience of his witnesses, for until an answer is filed no question of fact is before the court.

The facts are stated in the opinion.

*Mr. Antonio Suliveres* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this action was filed in the District Court of Mayagüez for the recovery of a certain amount of money alleged to be due by the defendant corporation as damages for the breach of a contract for services.

The defendant demurred to the complaint and at the same time moved for a change of venue to the District Court of Arecibo on the ground that Arecibo is its residence and the action is a personal one. Later the motion was amended with the consent of the plaintiff by adding the further ground that the convenience of the witnesses required that the action be tried in the District Court of Arecibo. The amended motion was accompanied by an affidavit averring a merito-

rious defense and giving the reasons why the convenience of the witnesses required the change of venue. It was also accompanied by the contract entered into between the parties, a statement of the conditions of the contract and a letter of the plaintiff relative to the said contract.

The plaintiff then filed a counter-motion wherein the residence of the defendant was not denied, but it was alleged that the motion for change of venue for the convenience of the witnesses was premature because the defendant had not answered the complaint and that the convenience of his own witnesses required that the case should remain in the District Court of Mayagüez. The counter-motion was accompanied by an affidavit to show such convenience.

At this stage, before the complaint was answered, the District Court of Mayagüez overruled the defendant's motion for a change of venue on the grounds that as the complaint had not been answered it could not consider that part of the motion regarding the convenience of the witnesses; that the plea of residence could be met by the plaintiff for the reason of the convenience of his witnesses, and that even if the affidavit of the defendant could be considered sufficient to establish the fact of the convenience of the witnesses, the balance was on the side of the plaintiff because he would be more greatly prejudiced by the change.

That decision was appealed from by the defendant and is now submitted to us for consideration.

In its brief the appellant admits that the question of the convenience of the witnesses must be discarded for the reason that it cannot be raised until an answer has been filed. This is true, for until an answer has been filed no question of fact is raised before the court and, therefore, the court is not in a position to know what facts are to be proved at the trial and whether the convenience of the witnesses justifies the transfer of the case to another court. *Torres* v. *Torres,* 16 P. R. R. 334; *Cook* v. *Prendergast,* 61 Cal. 75.

This question being disposed of, it remains to be determined whether by alleging the convenience of his witnesses the plaintiff can successfully resist the defendant's motion for a change of venue on the ground of residence.

The plaintiff so contends and cites the case of *Sarié* v. *Porto Rican Leaf Tobacco Co.,* 15 P. R. R. 190, but that case is not in point with the present case, for there the complaint had been answered and here it has not; therefore the cases are not parallel.

In the opinion of this court in that case we cited *Loehr* v. *Lathan,* 15 Cal. 418; *Jenkins* v. *The California Stage Co.,* 22 id. 537; *Hanchett* v. *Finch,* 47 id. 192; *Edwards* v. *Southern Pacific Railroad Co.,* 48 id. 460, and *Cook* v. *Prendergast, supra;* but, as said in the last case, although in *Jenkins* v. *The California Stage Company,* 22 Cal. 537, the point was expressly made by counsel that until issue of fact is joined it is impossible to determine the question of convenience of witnesses, nevertheless, the court overlooked that point, as it invoked the cases of *Loehr* v. *Lathan* and *Pierson* v. *McCahill,* 22 Cal. 127, where the motion to change the place of trial was made contemporaneously with or after answer filed, and because the matter principally discussed by the court was whether a corporation had a residence within the meaning of the law. As to the case of *Hanchett* v. *Finch,* it does not appear there whether the answer had been filed or not, and the case of *Edwards* v. *Southern Pac. R. Co., supra,* follows the *Jenkins Case* and the two cases therein cited of *Loehr* v. *Lathan* and *Pierson* v. *McCahill.* *Cook* v. *Prendergast,* more recent than all those mentioned, clearly holds that where there is only a demurrer to the complaint a motion for change of venue on the ground of residence cannot be defeated by a plea of the convenience of the witnesses, and this case has been approved in the later cases of *Heald* v. *Hendy,* 65 Cal. 321, and *McSherry* v. *Pennsylvania etc. G. Mining Co.,* 97 Cal. 637.

The right of the defendant to a change of venue on the ground of residence being therefore clear, and its motion therefor not being affected by the convenience of the witnesses, the lower court erred in denying a transfer of the case to the District Court of Arecibo and its decison should be

*Reversed and motion sustained.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.