BRUNO SANTOS, Plaintiff and Appellant, *v.* PORTO RICAN EXPRESS Co., Defendant and Appellee.

No. 7555.   Argued November 3, 1937.—Decided January 28, 1938.

*Gelpí & Gelpí* for appellant.   *Hartzell, Kelley & Hartzell* and *Rafael O. Fernández* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The question is whether this case should be tried in the District Court of Mayagüez or in the District Court of San Juan.

██ Plaintiff, a dealer in firearms, doing business under the name Federal Sportcraft Co., alleged that the employees of the defendant in New York marked a certain shipment of revolvers and parts thereof as "cotton goods" and that as a result of this misrepresentation, plaintiff was subjected to an investigation by Federal and Insular government agents and suffered serious loss in the business which he carried on in Añasco, within the judicial district of Mayagüez.   Defendant, a corporation organized under the laws of New York and doing business in Puerto Rico with its principal place of business in San Juan, moved for and obtained a change of venue.

The general rule is that:

"When a foreign corporation doing business in Puerto Rico is sued in a judicial district other than the one where it has its head office it is entitled to a transfer of the action to the district in which

its principal office is located." *Arcelay* v. *American R. R. Co.,* 38 P.R.R. 723.

Section 79 of the Code of Civil Procedure as amended in 1935 (Laws 174) reads in part as follows (italics ours):

"Section 79. Actions for the following causes must be tried *in the district where the cause, or some part thereof, arose,* subject to the like power of the court to change the place of trial:

"1. To obtain indemnity from an insurance company, when such indemnity arises from an insurance policy contract, *or to recover damages under Sections 1803 and 1804 of the Civil Code, edition of 1902 (Sections 1802 and 1803, edition of 1930) or by virtue of any other precept of law.*"

In the instant case the cause of action arose in New York where the act which caused the damage was done, not in Añasco where the loss was sustained. 67 C.J. 94, Section 152; Id. 45, Section 56; *Woodwin Preserving Co.* v. *Davis,* 258 S.W. 97; *Graves* v. *McCollum & Lewis,* 193 S.W. 217; *Kalberg* v. *Greiner,* 8 Pac. (2d) 799; *Jones* v. *Main Island Creek Coal Co.,* 99 S.E. 462; *Steed* v. *Harvey,* 54 Pac. 1011; 72 Am. St. Rep. 789, 794; *Gallup* v. *Sacramento and San Joaquín Drainage District,* 171 Cal. 71, 151 Pac. 1142; *Fresno National Bank* v. *Court,* 83 Cal. 491; *Smith* v. *Smith,* 88 Cal. 572.

Hence, the case comes within the general rule, not within the exception.

The order appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.