[No. 13068.  In Bank. — September 3, 1889.]

DWIGHT   YOUNGLOVE,   APPELLANT,   *v.*   B.   U.   $\frac{80}{109}$ $\frac{375}{10}$
STEINMAN ET AL., RESPONDENTS.

CHANGE OF PLACE OF TRIAL — NOTICE OF MOTION — JURISDICTION. — When
the place of trial of an action is changed, it is not necessary to the valid-
ity of a notice of a motion that the court to which the trial is changed
should have jurisdiction of the cause by the previous filing of the papers.
It is enough that the court had jurisdiction when the motion was made,
and that the notice was sufficient as to time.  The notice of a motion is
not a proceeding in court.

PAPERS USED ON HEARING OF MOTION — DISCRETION. — The court has discre-
tion, on the hearing of a motion, to consider evidence outside of the
papers on file when notice of the motion was given, if necessary to aid in
arriving at its proper determination.

CORPORATION — ASSESSMENT UPON STOCK — MEETINGS OF BOARD. — When
the evidence shows that written notices were sent to all of the directors of
a corporation of a meeting of the board at which an assessment was
levied upon the stock, and the minutes of the meeting prove the other
facts necessary to show that the meeting was regularly and legally held,
and that the assessment was properly made, a finding that the meeting
was duly and regularly convened, and that the assessment was lawfully
and rightfully levied, will be sustained.

ID. — ELECTRIC LIGHT COMPANY — ASSESSMENT FOR REPAIRS. — An assess-
ment by an electric light company for necessary repair of its engine and
machinery, without which it cannot answer the demands upon it for the
supply of electric lights, is clearly authorized by the provisions of section
331 of the Civil Code.

APPEAL from a judgment of the Superior Court of
Santa Cruz County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*L. N. Goldsby*, for Appellant.

*S. C. Denson*, and *C. H. Oatman*, for Respondents.

WORKS, J. — This is a suit to enjoin the enforcement
of an assessment of the stock of a corporation, on the
grounds that the meeting of the board of directors at
which the assessment was ordered was not legally called,
and that the assessment was not made for any of the

purposes allowed by law. There was a temporary injunction. The suit was commenced in the county of Santa Cruz, and subsequently transferred to the county of Sacramento. On the 13th of August, 1888, that being the day the order transferring the cause was made, the defendants gave notice that they would, on the 23d of the same month, move the superior court of Sacramento County to dissolve the injunction. At the time and place named in said notice the attorney for the plaintiff appeared and objected to the hearing of the motion, on the ground that at the time the notice was served upon him the papers in the case had not been filed in that court. His objection was overruled, the motion heard, and the injunction dissolved. A trial was subsequently had, which resulted in findings and a judgment in favor of the defendants. A motion by the plaintiff for a new trial was denied, and this appeal is from the order dissolving the temporary injunction, the final judgment, and the order denying a new trial.

The appellant contends that the notice of the motion to dissolve was not given in time, and that it was not effective as a notice, for the reason that the court in which the motion was to be heard had no jurisdiction of the case at the time it was given. There is no force in either of these points. The notice was given for ten days, which was sufficient as to the time. (Code Civ. Proc., sec. 1005.) The mere giving of the notice was not a proceeding in court, and it was not necessary to its validity that the superior court of Sacramento County should have had jurisdiction of the case at that time. It was enough that it had jurisdiction when the motion was made.

The further point is made, that the notice stated that the motion would be "based upon the papers, pleadings, and records in said cause, and upon affidavits hereafter to be filed," and that the court below erroneously admitted in evidence an answer filed by the defendants

after the notice was given. There was no error in this ruling. The notice did not confine the defendants to the use as evidence of such pleadings only as were on file at the time it was given, but if it had, the court might, in its discretion, very properly hear evidence outside of that mentioned in the notice, if necessary to aid it in arriving at a proper determination of the question.

There was no error in the order dissolving the injunction.

It is contended, in support of the appeal from the judgment and order denying a new trial, that the evidence shows that the meeting of the board of directors at which the assessment was levied was not a legal meeting, for the reason that no notice of the meeting was given. But the court below found that the meeting was "duly and regularly convened," and that the assessment was "lawfully and rightfully" levied. This included a finding that the necessary notice was given, and the finding is supported by sufficient evidence. The secretary testifies that written notices were sent to the directors of all of the meetings of the board, whether regular or special, and the plaintiff, who was himself one of the directors, admitted having received notices of some of the meetings, and declined to say that this meeting was not one of them. The minutes of the meeting proved the other facts necessary to show that the same was regularly and legally held, and that the levy of the assessment was properly made.

It is further contended that the levy of the assessment was not made for the purpose of "paying expenses, conducting business, or paying debts," as authorized by section 331 of the Civil Code. The evidence shows that the defendant corporation was an electric light company, and that the money to be raised by the assessment was necessary for the repair of its engine and other machinery, and that without such repairs the company would be unable to answer the demands upon it for the supply

of electric lights. This brought the case clearly within the provisions of the statute.

The judgment and orders appealed from are affirmed.

SHARPSTEIN, J., PATERSON, J., McFARLAND, J., FOX, J., and THORNTON, J., concurred.