[S. F. No. 235.   Department One.—August 3, 1896.]

## ISAAC L. THURBER, RESPONDENT, *v.* ALFRED S. THURBER, APPELLANT.

CHANGE OF PLACE OF TRIAL — ACTION FOR RECOVERY OF MONEY — IGNORANCE OF PLAINTIFF AS TO RESIDENCE OF DEFENDANT—CONSTRUCTION OF CODE.—A defendant in an action for the recovery of money is entitled to have the action tried in the county of his residence, and may demand a change of the place of trial thereto when sued in another county; and a mere showing by the plaintiff that he was ignorant of the place of residence of the defendant when the action was commenced, without showing that he used all proper diligence to ascertain his residence before suit and failed, does not entitle plaintiff, under section 395 of the Code of Civil Procedure, to have a trial of the action in the county designated by him other than that of the defendant's residence.

APPEAL from an order of the Superior Court of Santa Cruz County denying a motion to change the place of trial. J. H. LOGAN, Judge.

The facts are stated in the opinion.

*E. M. Morgan,* and *I. E. Segur,* for Appellant.

A defendant sued upon a cause of action not provided for by sections 392 and 393 of the Code of Civil Procedure is entitled to have the action changed and tried in the county in which he resides at the time of the commencement of the action. (*Watkins* v. *Degener,* 63 Cal. 500; *Hennessy* v. *Nicol,* 105 Cal. 138.) If respondent knew that defendant lived within the state of California, he should have shown how or why he knew it, and why he did not know the particular county wherein he did reside. (*Lochr* v. *Latham,* 15 Cal. 418.)

*Joseph H. Skirm,* for Respondent.

Defendant is confined to the particular point stated as the ground of his motion (*Freeborn* v. *Glazer,* 10 Cal. 337; *Loucks* v. *Edmondson,* 18 Cal. 203; *Donnelly* v. *Strueven,* 63 Cal. 182); only the residence of the defendant at the commencement of the action could be made the ground of the motion. (Code Civ. Proc., sec. 395.)

SEARLS, C.—This is an appeal from an order of the superior court of the county of Santa Cruz denying a motion of defendant to change the place of trial of the cause from said county of Santa Cruz to the city and county of San Francisco.

The action was commenced November 30, 1894, to recover money from the defendant.

The summons was served upon the defendant at the city and county of San Francisco on the fifteenth day of April, 1895.

Defendant appeared in due time, filed a demurrer, an affidavit of merits, and showing that he was a resident of the city and county of San Francisco, a demand for a change of the place of trial from the county of Santa Cruz to the city and county of San Francisco, together with a notice that on the twenty-seventh day of May, 1895, he would move the court, upon the affidavit and

demand aforesaid, for an order changing the place of trial as aforesaid.

The affidavit of defendant, Thurber, stated "that he is now, and for several months last past has been, an actual and *bona fide* resident of the city and county of San Francisco, state of California," but did not in terms state that he was such resident at the date of the commencement of the action.

Subsequently, and before the hearing of the motion, the defendant filed sundry affidavits showing his residence to have been in the city and county of San Francisco at and prior to the commencement of the action, and that he was still a resident thereof, etc.

Plaintiff thereupon filed a counter-affidavit, in which he stated that "at the time of the filing of the complaint in the said action, on the thirtieth day of November, 1894, the county in which the said defendant above named, the said Alfred S. Thurber, then resided, was unknown to the said plaintiff; that the said defendant was, at the time of the commencement of the said action, a resident of the state of California."

These later affidavits were evidently filed by leave of the court or by consent of parties, as they were used without objection at the hearing.

The court below refused the motion to change the place of trial upon the ground that the action was one for the recovery of money, and the place of trial is governed by section 395 of the Code of Civil Procedure, and upon the ground that it was "an undisputed fact that the defendant at the commencement of this action resided in the state, and that the county of his residence was unknown to plaintiff."

The propriety of this ruling is drawn in question by the appeal.

This is one of the actions in which the venue should be laid in the county in which the defendants, or some of them, reside. Section 395 of the Code of Civil Procedure provides, however, among other things, that if the defendants reside in the state, "and the county in.

which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate."

The question is as to the sufficiency of the affidavit of the plaintiff to retain the cause in the county of Santa Cruz, as against affidavits showing, without conflict, that he resided with his family in San Francisco.

The general rule is that, in actions other than those mentioned in sections 392 and 393 of the Code of Civil Procedure, the defendant who is sued without the county of his residence may, upon a proper showing made in due time, have the place of trial changed to the county of his residence. (*Watkins* v. *Degener*, 63 Cal. 500.)

To this general rule there is the exception that if the defendant is a nonresident of the state, or if a resident of the state and the county of his residence be unknown, he may be sued in any county of the state designated by plaintiff.

In *Loehr* v. *Latham*, 15 Cal. 418, which was upon motion to change the place of trial, and which motion was granted by the court upon the ground of the nonresidence of the defendant in the county where the action was commenced, plaintiff had evidently, judging from the opinion of Baldwin, J., filed an affidavit similar to the one here, under a statute containing a clause precisely the same as that of section 395 of our Code of Civil Procedure (Stats. 1858, p. 82). Baldwin, J., said:

"I concur in the judgment of reversal. I think, however, that the statute of 1858 authorizes suit to be brought in any county designated in the complaint when the residence of the defendant is unknown. But this provision must receive a reasonable construction. A willful or careless ignorance of the residence of the defendant does not put it in the power of the plaintiff to sue him in any county of the state, however remote from his residence; for, if this were so, the effect of the rule would be practically to repeal this provision requiring suit to be brought in the county of the residence of defendant. It would be putting it in the power of the

plaintiff, by keeping ignorant of the facts or feigning ignorance, to sue where he pleased, and thus fraud would be encouraged and oppression practiced. To resist the application of the defendant, the plaintiff should have shown that he used all proper diligence to ascertain the residence of defendant before suit, and failed. He does not show this by his affidavit, or otherwise."

Cope, J., said: "I concur in the judgment of reversal upon the ground that the affidavit of the plaintiff does not show that he used due diligence to ascertain the residence of the defendant."

This decision has not been overruled or questioned so far as we are informed.

The reasons for enforcing the rule enunciated by Mr. Justice Baldwin are aptly put and cogent, and the practice indicated should be upheld and enforced.

It follows that the affidavit of plaintiff was insufficient to retain the cause in the county of Santa Cruz.

We recommend that the order appealed from be reversed, and the court below be directed to enter an order transferring the cause to the city and county of San Francisco for trial.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed, and the court below directed to enter an order transferring the cause to the city and county of San Francisco for trial.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.