[Civ. No. 412.    Third Appellate District.—December 21, 1907.]

FRED W. MAHLER, Respondent, v. DRUMMER BOY GOLD MINING COMPANY and E. W. EMMONS, Appellants.

VENUE—SELECTION OF COUNTY BY PLAINTIFF—UNKNOWN RESIDENCE OF DEFENDANT—INSUFFICIENT AFFIDAVIT—RIGHTS OF DEFENDANTS.— The right of the plaintiff to designate the place of trial, where the residence of the defendant is unknown, under section 395 of the Code of Civil Procedure, is not an arbitrary or merely optional right. The plaintiff's affidavit must show reasonable diligence in seeking in good faith to make the discovery of defendants' residence, and where he fails to show such diligence, the defendants are entitled of right to have the venue changed to their place of residence, upon proper demand therefor.

APPEAL from an order of the Superior Court of Siskiyou County refusing to change the place of trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Coburn & Collier, and Charles G. Nagle, for Appellants.

J. H. Magoffey, and Taylor & Tebbe, for Respondent.

CHIPMAN, P. J.—Motion to change the place of trial.

Plaintiff commenced the action in Siskiyou county to recover from defendants for services as superintendent of certain quartz mines in said county. It is alleged in the complaint that plaintiff was employed by defendants on August 1, 1905; that he commenced work on October 20, 1905, and "continued to work for defendants as superintendent until the fifth day of March, 1906." The complaint was filed April 13, 1906. Plaintiff "prays judgment against defendants and each of them."

Defendants moved the court to change the place of trial from Siskiyou county to the city and county of San Francisco on the ground that at the commencement of the action the latter place was and ever since has been their place of residence.

At the hearing of the motion it appeared from the uncontradicted affidavit of defendant Emmons that defendant corporation, at the commencement of the action, was a corporation organized under the laws of this state, with its principal place of business at the city and county of San Francisco, which was then and is now its residence and its principal place of business. Affiant also deposed that he was at the commencement of the action and ever since has been and now is a resident of said city and county; that he was at all times the secretary of said corporation; that each of said defendants has fully and fairly stated the case in said action to his and its attorney, and after such statement each of said defendants was advised by said attorney and verily believes "that they, and each of them, have a good and substantial defense to said cause on its merits." A general demurrer to the complaint was filed with the demand by both defendants for a change of the place of trial.

Plaintiff in the action filed a counter-affidavit, in which he stated "that at the time of the commencement of the action the residence of said defendant Emmons was unknown to plaintiff"; that at the time of employing plaintiff as superintendent of said mines, Emmons "gave this plaintiff his address as San Francisco; that thereafter he wrote this plaintiff from San Francisco and also from Portland, Oregon; that for the period of several months before the commencement of this action this plaintiff addressed letters to said Emmons at his

last-named address in San Francisco; that he received no answers to several of said letters and then one or two letters were returned to him by the postoffice department as undelivered letters; that thereupon this plaintiff sent a registered letter to said Emmons, and that said registered letter was returned by the postal department to this plaintiff as undelivered; that this plaintiff had no other means of finding out the residence of said Emmons." Affiant then states that he was informed by the men working at the mine that "they could get no letters from said Emmons in answer to their letters sent to him at his last address"; that affiant was "informed and from such information believes that the Bee Hive Company of Yreka could not find said Emmons at such address in order to serve summons upon him"; that being "unable to learn the residence of said Emmons, and his residence being unknown, plaintiff designated the county of Siskiyou as the county in which to bring said action, said county being the county in which the cause of action accrued." There is no brief on file by respondent.

Under section 395 of the Code of Civil Procedure all the defendants must join in the motion to change the place of trial (*McKenzie* v. *Barling,* 101 Cal. 460, [36 Pac. 8]; *Quint* v. *Dimond,* 135 Cal. 574, [67 Pac. 1034]); and the section has been complied with in the present case. But plaintiff seeks to retain the case in the court where it was commenced, under the provisions of said section which read as follows: " . . . the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action; or, if none of the defendants reside in the state, or if residing in this state, and the county in which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint. . . ." We presume that at the hearing of the motion plaintiff was successful in convincing the court that his affidavit was sufficient to show that the residence of defendant Emmons was unknown to plaintiff, and hence he had the right to designate the county in which to bring the action. The right to thus designate the place of trial is not an arbitrary right or optional with plaintiff upon a mere statement that the residence of defendant is unknown to him. He must state facts sufficient to show that he has resorted to such means to ascertain

the defendant's residence as would be expected of a reasonable man seeking in good faith to make the discovery.

The Practice Act, as amended in 1858 (Stats. 1858, p. 82), contained a provision similar to that in section 395 of the Code of Civil Procedure.  It was said in *Loehr* v. *Latham,* 15 Cal. 418: "But this provision must receive a reasonable construction.  A willful or careless ignorance of the residence of the defendant does not put it in the power of the plaintiff to sue him in any county of the state, however remote from his residence; for if this were so, the effect of the rule would be practically to repeal this provision requiring suit to be brought in the county of the residence of defendant.  It would be putting it in the power of the plaintiff, by keeping ignorant of the facts, or feigning ignorance, to sue where he pleased, and thus fraud would be encouraged and oppression practiced.  To resist the application of the defendant, the plaintiff should have shown that he used proper diligence to ascertain the residence of defendant before suit, and failed."  In *Thurber* v. *Thurber,* 113 Cal. 607, [45 Pac. 852], speaking of the opinion in *Loehr* v. *Latham,* 15 Cal. 418, the court said: "This decision has not been overruled or questioned so far as we are informed.  The reasons for enforcing the rule enunciated by Mr. Justice Baldwin are aptly put and cogent, and the practice indicated should be upheld and enforced."

Tested by these rules the affidavit of plaintiff was insufficient.  At the time the action was commenced Emmons was a resident of San Francisco, as shown by his undisputed affidavit, and this was but a few weeks after plaintiff quit work.  Emmons was known to plaintiff to be the secretary of the defendant company, and yet plaintiff made no inquiry of any of its officers or at its place of business in San Francisco, nor is any explanation given why he made no such inquiry or that if made it would not have availed anything, nor is it shown that the address of the company's place of business was unknown to plaintiff; the letters alleged to have been sent to San Francisco were not sent to any street address nor does affiant state that such address was unknown to plaintiff.  In stating that he sent letters to Emmons' last known address, plaintiff fails to state where that was, nor is the time stated when these letters were sent.  The registered letters, as in the case of the others, were doubtless addressed to the general delivery.  As su-

7 Cal. App.—13

perintendent of a mine being operated by the defendant corporation and serving in that capacity under its direction and employment, there should have been no difficulty in finding the address of the secretary by inquiring of the officers of the company or at its place of business; and if, for any reason, the information by these obvious means could not be had, the affidavit should have so shown. Plaintiff makes like indefinite statement that he was informed by the Bee Hive Company of Yreka that that company could not find Emmons. But when he made inquiry or from what persons connected with that company, or why they should know anything about Emmons does not appear; the men working in the mine under plaintiff as superintendent, of whom plaintiff made inquiries, cannot be supposed to have known more than plaintiff of Emmons' whereabouts, and the failure of the men to impart information in no wise strengthens the affidavit. The affidavit fails to show that diligence which the law very properly demands before plaintiff will be permitted to select his own forum in which to try his case.

The order is reversed, with directions to grant the motion.

Hart, J., and Burnett, J., concurred.