[Civ. No. 3324. First Appellate District, Division One.—June 16, 1920.]

## WALTER T. McKUNE, Respondent, v. ANITA McKUNE, Appellant.

[1] PLACE OF TRIAL—MOTION FOR CHANGE—RESIDENCE OF DEFENDANT —SUFFICIENCY OF AFFIDAVIT.—In an action for divorce, a statement of an affidavit by the defendant on her motion for a change of place of trial at the time of the commencement of the action and from since a specified date, which was five days prior to the commencement of the action, and at the time of the making of the affidavit "she is a *bona fide* resident" of a county other than the county in which the action commenced, without other facts to support it, is one of a probative fact, and is sufficient of itself, if uncontradicted, to justify the granting of her motion.

[2] ID.—INSUFFICIENCY OF COUNTER-AFFIDAVIT—CONFLICT OF GENERAL DENIAL WITH STATEMENT OF FACT.—A denial by the plaintiff, in his counter-affidavits in such action, that the defendant is a resident of such other county, amounts to no more than his conclusion, and is not sufficient to raise a conflict, where the facts detailed in his affidavits do not support that conclusion but are consistent with defendant's statement as to her residence.

[3] ID.—DEPARTURE FOR ANOTHER COUNTY — INTENTION — EVIDENCE — FAILURE TO TAKE BELONGINGS.—Neither the fact that defendant did not remove all her belongings from the apartments of plaintiff when she separated from him and departed for such other county, nor the fact that the belongings she did remove were stored in the basement of the apartment house, can be taken as evidence of her intention to return to the county in which they resided, in the face of her sworn statement that she is a *bona fide* resident of such other county.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial. John T. Nourse, Judge. Reversed.

The facts are stated in the opinion of the court.

Rohe, Jeffers & Devin and John O'Gara for Appellant.

Samuel T. Bush and William Sea, Jr., for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal from an order denying defendant's motion for a change of place of trial

from the city and county of San Francisco to the county of Los Angeles. The action is one for divorce, and was commenced on March 7, 1918. Summons was served on March 14, 1918. The motion for change of place of trial was heard and determined upon the affidavits of the parties.

[1] In defendant's affidavit it is stated: "That at the time of the commencement of this action, and from since the second day of March, 1918, and at this time she is a *bona fide* resident of the county of Los Angeles, state of California, where she now lives with her infant child and is supporting herself and child by her own efforts and with the aid of her friends, and without any aid or support from her husband, the plaintiff." There can be little doubt that the above statement is one of a probative fact, and was sufficient of itself, if uncontradicted, to justify the granting of her motion. (*O'Brien* v. *O'Brien,* 16 Cal. App. 103, [116 Pac. 692].) In the case last cited the court had under consideration a similar affidavit, and it was held that, although the allegation may in a sense involve a legal conclusion, nevertheless, on a motion of this character, in the case of the defendant's affidavit, wherein, without qualification, he states his residence to be at a certain place, without giving other facts to support the statement, such allegation should be construed to be and treated as the statement of a probative fact. It follows that unless the statements of fact in plaintiff's affidavits are sufficient to raise a conflict the motion of defendant should have been granted.

[2] Plaintiff filed two affidavits. In the second one he specifically denied the statement of the defendant above quoted, and, in addition, set forth facts relating to the defendant's separation from him and her subsequent departure for Los Angeles, in the following manner: "That on the twenty-seventh day of February, 1918, said defendant remained that night in a separate room in the Ford Apartments, where plaintiff and defendant resided, and that on the twenty-eighth day of February, 1918, said defendant stayed at the Marshall Hotel, in the said city and county of San Francisco; that at the time said defendant left the apartment occupied by said plaintiff and defendant on the twenty-seventh day of February, 1918, said defendant did not remove all her belongings or clothing or wearing apparel, or the clothing or wearing apparel of the child of said

plaintiff and defendant, from said Ford Apartments, but left part of said belongings and said clothing and wearing apparel in the apartment occupied by said plaintiff and said defendant, and part in the basement of said Ford Apartments, where said plaintiff and defendant resided, for a long period of time after said defendant left the apartment of said plaintiff and defendant, and during the time up to or about the second day of April, 1918, while said defendant was staying, as plaintiff is informed, in the county of Los Angeles.''

In the first affidavit of plaintiff it is, among other things, stated that defendant departed for the county of Los Angeles ''on or about the second day of March, 1918, and only five days before this action was commenced,'' and that ''until the second day of March, 1918, Anita McKune, the defendant above named, resided with the plaintiff in the city and county of San Francisco, state of California, and that said plaintiff and defendant for two years prior to the commencement of this action continuously resided in the city and county of San Francisco.'' It will thus be seen that the facts are undisputed that the defendant left the apartments of plaintiff on February 27, 1918, with her child, taking part of her belongings with her, and on March 2, 1918, five days prior to the commencement of this action, departed for the county of Los Angeles, where she thereafter continued to reside and was residing at the time she made her affidavit of residence on April 2, 1918.

In this state of the record we are of the opinion that the defendant's motion should have been granted. It is true that plaintiff specifically denied the statement of defendant that she was a resident of the county of Los Angeles, but such denial amounts to no more than plaintiff's conclusion, which was based upon and must be considered in connection with the other matters stated in his affidavit, which show without conflict that five days prior to the commencement of the action defendant departed for Los Angeles, and that she was actually living there at the time of the commencement of the action and at the time of the making of her affidavit in support of her demand for a change of place of trial.

[3] Respondent contends, however, that defendant's intention to return to San Francisco was shown by the fact

that she did not remove all of her belongings from the apartments of plaintiff when she separated from him on February 27, 1918, but only a portion of them, and because she stored the belongings which she had removed in the basement of the apartment house in which plaintiff and defendant had previously lived. We do not believe that the acts of defendant can be so interpreted. It appears that defendant left plaintiff on February 27, 1918, on account of disagreements between them, and within a few days thereafter departed with her child for Los Angeles. The short period of time which elapsed between her departure for Los Angeles and the filing of this motion was scarcely sufficient within which to remove all of her belongings had she been disposed to do so, and the fact that she did not do so cannot be accepted as indicating her intention to return to San Francisco in the face of her sworn declaration that from and after March 2, 1918, she was a *bona fide* resident of Los Angeles County. The establishment of her residence depended entirely upon her intention, and she knew her intention better than any other person. As was stated in *O'Brien* v. *O'Brien, supra:* "The defendant himself knows better than any other person whether he has established a legal residence in a particular city or county. He knows, or must be assumed to know, what his intention is with respect to becoming or not becoming a resident in the legal sense of a place to which he 'moves.'"

*Marston* v. *Watson*, 20 Cal. App. 465, [129 Pac. 611], cited by respondent, does not help him. In that case it was held that the affidavit of the defendant wherein she stated that she was a resident of another county was a mere conclusion, and should be disregarded, in view of the counter-affidavits showing clearly that at the very time the defendant claimed that she was a resident of such other county she was then, and for some time prior thereto had been, actually living in the county in which the action was brought, and that, therefore, the statement of the defendant as to her residence was not and could not be true. In the instant case it is undisputed that the defendant, five days prior to the commencement of this action, departed for Los Angeles, where she subsequently actually lived, and on April 2, 1918, the date on which she made her affidavit, was actually living in that county. These facts, coupled with her positive state-

ment that she was "a *bona fide* resident" of that place during that time, entitled her to a change of place of trial.

None of the other matters set forth in the affidavits are material. They relate to contributions made by plaintiff to the defendant's support while she was separated from him, and to the matter of the convenience of witnesses.

The order appealed from is reversed.

Waste, P. J., and Richards, J., concurred.