[S. F. No. 10356. In Bank.—February 26, 1923.]

EMMA L. PERKY, Appellant, v. WILLIAM J. PERKY, Respondent.

[1] VENUE—CONVENIENCE OF WITNESSES—DISCRETION.—A motion for a change of venue based upon the convenience of witnesses is addressed to the discretion of the court and an order denying the change can only be reversed for an abuse of discretion.

[2] ID.—ISSUES—CONSIDERATION OF.—The court is not confined to one of the issues in its determination of the question of a change of venue applied for on the ground of convenience of witnesses.

APPEAL from an order of the Superior Court of Fresno County denying a change of venue. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Percy F. Backus and Everts, Ewing & Wild for Appellant.

B. W. Gearhart and Strother P. Walton for Respondent.

WILBUR, C. J.—This is an appeal from an order denying a change of venue. The plaintiff brought an action against the defendant for divorce in Los Angeles County. The defendant resided in Fresno County and secured a transfer of the case to that county. Plaintiff sought to have the case retransferred on the ground of the convenience of witnesses. [1] It is conceded by her that her application, based upon the convenience of witnesses, was addressed to the sound discretion of the court and the order denying the change of venue can only be reversed for an abuse of such discretion. Plaintiff's application was opposed by affidavits on behalf of the defendant to the effect that the witnesses by which he expected to prove his allegations of desertion contained in his cross-complaint resided in Fresno. [2] The plaintiff is of the opinion that as her charge of extreme cruelty, if proved, would be a defense to the defendant's charge of desertion, that the order of the court upon her application should have been based primarily upon the convenience of the witnesses who were to testify

upon the subject of cruelty. It is a sufficient answer to this proposition to say that the court was not confined in its determination of the question of a transfer to any one of the issues, but had a right to consider the whole question. It is conceded that we are not justified in reversing the order unless there has been a manifest abuse of discretion. We find no such abuse.

Judgment affirmed.

Waste, J., Seawell, J., Lennon, J., Kerrigan, J., Lawlor, J., and Myers, J., concurred.