[Civ. No. 4791. Third Appellate District.—February 20, 1933.]

B. MILLS, Respondent, v. NORMAN M. DICKSON et al., Appellants.

Sidney Rhein and Frank Orwitz for Appellants.

A. W. Hollingsworth and L. R. Lambert for Respondent.

PULLEN, P. J.—This is an appeal from an order denying a motion for a change of place of trial from the county of Sonoma to the city and county of San Francisco. The motion is made upon the ground that San Francisco is the residence of the defendants. The order is sought to be upheld upon the ground that the action is one for personal injuries caused by alleged negligence in the extraction of a tooth, and that the injury occurred in the county of Sonoma.

Section 395 of the Code of Civil Procedure. " . . . the action must be in the county in which the defendants or some of them reside . . . or if it be an action for injury to person . . . , in the county where injury occurred . . . "

The complaint contains no allegation as to the county wherein the injury occurred nor the place of residence of defendants. Defendants demurred and moved for a change of venue, filing their affidavit in support thereof alleging residence in the city and county of San Francisco. In opposition to the motion, plaintiff filed a counter-affidavit claiming the injury occurred in the county of Sonoma; the court thereupon refused to change the place of trial, and from that order defendants appeal. Defendants object to consideration by the court of this counter-affidavit setting up the county wherein the injury occurred. It is their contention that the court is limited to an examination of the complaint

and the affidavit of the moving party only, in determining the place of trial, and that plaintiff, in resisting a motion for a change of place of trial on the ground of residence, cannot file a counter-affidavit setting up facts showing the proper county to be the one in which the action was commenced.

In an action where the court has jurisdiction of the subject matter, in the absence of affidavits showing to the contrary, the county wherein the title of the action shows it was brought is *prima facie* the proper county (*Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296 [195 Pac. 284]), and if timely demand for change of place of trial is not made the right to do so is waived. (Code Civ. Proc., sec. 396.)

We have found no authority holding directly that the court may consider counter-affidavits in resisting such a motion, but the practice has been accepted and applied as proper by the courts.

In *Mahler* v. *Drummer Boy Min. Co.*, 7 Cal. App. 190 [93 Pac. 1064], defendants moved to change the place of trial from Siskiyou County to the city and county of San Francisco, on the ground that at the commencement of the action the latter place was their place of residence. Plaintiff was permitted to file a counter-affidavit alleging that "at the time of the commencement of the action the residence of said defendant was unknown to plaintiff".

In *Loehr* v. *Latham*, 15 Cal. 418, defendant moved to change the place of trial under the provisions of section 395 of the Code of Civil Procedure as it then stood, and the court said: "To resist the application of the defendant, the plaintiff should have shown that he used all proper diligence to ascertain the residence of defendant before suit, and failed."

In *Bachman* v. *Cathry*, 113 Cal. 498 [45 Pac. 814, 815], defendant moved to change the place of trial on the ground of residence, and upon the hearing of the motion, in addition to the complaint and the affidavits of defendant, there was presented an affidavit by plaintiff denying certain allegations in the affidavits of defendant. Upon an appeal, Mr. Justice Harrison, speaking for the court, said: "The affidavit of Cathry that, at the commencement of the action he and his codefendants were residents of the county of Inyo,

entitled him to have his motion granted, unless this fact should be overcome by affidavits on the part of the plaintiff. The plaintiff did not make any affidavit on the motion, and no showing was made by him or on his behalf that Brun was the individual intended by the fictitious name of John Doe."

In *Woods* v. *Berry*, 105 Cal. App. 90 [286 Pac. 1073, 1074], a motion was made by defendant to change the place of trial to the county of his residence, which motion was resisted on the ground of inconvenience of witnesses. The court said: "It seems to have been contemplated by statute and the courts that a motion for change of venue should be heard upon affidavits and the verified pleadings. At least this is the uniform practice in California."

Appellants cite the case of *Krogh* v. *Pacific Gateway Co.*, 11 Cal. App. 237 [104 Pac. 698, 699], to the point that the court is limited to an examination of the complaint to determine plaintiff's claim for place of trial. In discussing that issue, this court said: "It cannot be said from any facts set forth in the complaint that the contract sued upon was made or was to be performed or that the alleged liability arose or that its breach occurred in Fresno county. But it does appear by the affidavit that the principal place of defendant's business is in San Joaquin county. The only contract shown by the complaint was made and was performed subsequently to the representations made at Fresno county. No obligation or liability or breach occurred at Fresno county so far as appears. The alleged representations made by Abrams may have induced plaintiff to subscribe for the stock and pay his money to defendant for the same, but this took place, as appears from the complaint, after the representations were made, and not until then did any obligation arise, and defendant's alleged breach occurred still later."

It is obvious from the foregoing citation that plaintiff cannot be permitted by affidavit to controvert an allegation set forth in his complaint in an effort to retain the place of trial, but we know of no rule that would prevent the showing, by affidavit, of facts outside the allegations set forth in the complaint that might assist the court in determining the proper place for trial.

Defendants also rely upon the case of *Brady* v. *Times Mirror Co.*, 106 Cal. 56 [39 Pac. 209, 211], as authority for

their contention that the court cannot receive counter-affidavits which would obviate objections pointed out by defendants, and in effect, amend the complaint. In that case the action was filed in San Diego County, and was one against a corporation, and certain individuals, residents of the county of Los Angeles. The cause of action was for libel. A motion was made to change the place of trial to the county of the residence of the individual defendants. Pending the determination of the motion plaintiff moved to amend her complaint by dismissing as to the individual defendants, which motion was granted, and the court thereupon refused to change the place of trial. In its opinion, reversing the judgment, the Supreme Court said:

"After the motion for change of place of trial had been made it was not competent for the court to entertain or make an order for the amendment of the complaint in the matter of parties, any more than in the matter of substantive averments. If, upon the case as it was then presented, the defendants were entitled to have their motion granted, they were entitled to have all judicial action in the cause determined in the superior court of their own county. Whether the plaintiff is desirous to amend his complaint so as to obviate the objections that may have been pointed out by demurrer, or in other respects that may render it impervious to attack, *if such amendment can be made only upon the leave of the court,* he must wait until after the case has been transferred, and make his application to that tribunal. This motion intercepted all *judicial* action in the case, and suspended the power of the court to act upon any other question until it had been determined." (Italics ours.)

The filing of a counter-affidavit is not a judicial act by the court nor does the right to file the same depend upon leave of court. Upon the filing of a motion to change the place of trial, the court is limited strictly to a consideration of that issue, but there is no limit as to the receipt by affidavit of evidentiary matter for a proper determination of that question.

Good pleading in a complaint requires a statement of the facts constituting a cause of action in ordinary and concise language. In the case before us the name of the county in which the injury is alleged to have occurred is not essen-

tial to an allegation of the cause of action, and the pleader should not be penalized for omitting something that is only material when and if a motion for a change of place of trial is raised. Being a collateral matter the proper means of disposing of the motion is by affidavit and counter-affidavit and the pleader should not be compelled to anticipate a possible motion and embody allegations in his complaint that fulfill no other purpose than to meet a possible move to change the place of trial.

The court therefore properly received and considered the affidavits of plaintiff, showing the county of Sonoma to be the county wherein the injury to the person occurred, it not being in conflict with any allegation set forth in the complaint. The affidavit of plaintiff having been properly received and considered, the order refusing to change the place of trial was proper.

In the case of *Gridley* v. *Fellows,* 166 Cal. 768 [138 Pac. 355, 356], the court said: "It will be observed that in the amended portion of the section (discussing the amendment of 1911, sec. 395, Code Civ. Proc.) it is provided that the action may be tried either in the county where the defendant resides at the time it is begun, or in the county where the injury occurred. No preference is given one over the other. Either county is therefore declared to be 'the proper county' for the trial, by this amendment."

The order of the court refusing to change the place of trial is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1933.