[Civ. No. 2554. Fourth Dist.—May 22, 1941.]

EDWARD A. JUNEAU, Respondent, v. BERTHA G. JUNEAU, Appellant.

John Eley, Jr., for Appellant.

John J. Brennan for Respondent.

GRIFFIN, J.—It appears from a bill of exceptions settled and allowed by the trial court that on June 15, 1939, plaintiff Edward A. Juneau filed his complaint for divorce. Summons was duly issued. On June 21, 1939, an order for publication of summons was signed. Service by publication was duly made. A copy of the complaint was mailed to appellant Bertha G. Juneau at her last known residence in Detroit, Michigan, on September 2, 1939. On October 2, 1939, she received the copy so mailed. On October 3, 1939, an interlocutory decree of divorce by default was granted respondent. On October 24, 1939, appellant filed a motion to set aside that decree. On October 31, 1939, the motion was granted on condition that appellant file her answer forthwith. On the same day she filed her answer she also filed a cross-complaint together with a notice of motion for change of venue based upon an affidavit, setting forth as the ground for such change that at all the times herein mentioned she "was, has continued, and still is" a resident of Los Angeles County. Respondent filed an opposing affidavit alleging that "at the time of the filing of this action . . . he did not know nor was not able to find out the whereabouts of the defendant-cross-complainant and had no knowledge or information that she was in Los Angeles County or any information as to where she was at the time. And further, your affiant does not believe that the defendant-cross-complainant was, or is, a permanent resident of Los Angeles County". He also set up certain facts which would indicate that he and his witnesses would be greatly inconvenienced by the change of venue. Upon considering the affidavits of the parties and after hearing argument thereon, the court made its order denying the motion for change of venue. Appeal was taken by appellant from that order.

Appellant now contends that the affidavit filed by the respondent did not constitute a sufficient counter-affidavit, or make a sufficient showing to retain the cause in San Diego County on the grounds of convenience of witnesses or the promotion of the ends of justice, or on any other grounds, and that the court erred in denying the motion; and that respondent's purported denial of appellant's claimed place of residence was not sufficient to raise a conflict, citing *McKune* v. *McKune*, 48 Cal. App. 204 [191 Pac. 958] ; Code Civ. Proc.,

sec. 395; *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]; that the affidavit as to convenience of witnesses was insufficient because the respondent did not, in any manner, set forth the names of any witnesses or indicate the nature of the testimony which he expected from the witnesses; and that without such a statement the court is unable to determine the materiality of the evidence or the necessity of testimony from such witnesses, citing *Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815]; *Baird* v. *Smith,* 21 Cal. App. (2d) 221 [68 Pac. (2d) 979]; *First-Trust Joint Stock Land Bank* v. *Meredith,* 16 Cal. App. (2d) 504 [60 Pac. (2d) 1023, 62 Pac. (2d) 369]; *Loehr* v. *Latham,* 15 Cal. 418; and *San Jose Hospital* v. *Etherton,* 84 Cal. App. 516 [258 Pac. 611]; and that to resist an application of the appellant to have the trial in the county of her residence, the respondent must show that he used diligence to ascertain the residence before the suit was filed, citing *Thurber* v. *Thurber,* 113 Cal. 607 [45 Pac. 852]; and *Mahler* v. *Drummer Boy Gold Mining Co.,* 7 Cal. App. 190 [93 Pac. 1064].

It is true that respondent's affidavit fails to name the witnesses and omits any recitation of facts about which he expects them to testify. Respondent apparently recognizes the rule laid down in *San Jose Hospital* v. *Etherton, supra,* to the effect that the motion for change of venue should be granted where the plaintiff's counter-affidavits failed to state the names of the witnesses or matters to which they were expected to testify, but claims the instant case comes within an exception to the rule because the interlocutory decree had been previously granted and the court already knew the name of the corroborating witness, and that the nature of the testimony was a matter of record in the case and that the court considered the files and records in making the determination, and cites in support thereof *Perky* v. *Perky,* 190 Cal. 492, 493 [213 Pac. 492]; and *Blevins* v. *Blevins,* 178 Cal. 318 [173 Pac. 402].

The interlocutory decree was first granted by a judge other than the judge hearing the instant motion. The names of the witnesses and the nature of their testimony were not known to the latter and nowhere appear of record. The court's certificate to the bill of exceptions recites that the record before us on appeal "correctly sets forth all of the proceedings had during the hearing of the said motion and all of

the evidence offered. . . . '' The circumstances, as contended by respondent, do not create an exception to the rule under the authorities cited. On a motion for change of venue on the ground of residence of the defendant, a counter-affidavit seeking to retain the action in the original county on the ground of convenience of witnesses should contain the names of the witnesses, together with the testimony expected from each so that the court may, from the issues, judge of the materiality of their testimony and afford opposing counsel an opportunity to stipulate to the testimony proposed. (*San Jose Hospital* v. *Etherton, supra.*) ▆ Appellant's affidavit recites definitely that at all the times mentioned, she was a resident of Los Angeles County. Respondent's affidavit merely recites that he does not believe that she was a permanent resident of that county. This statement is not a sufficient denial to create an issue in this respect. (*McKune* v. *McKune, supra.*) Therefore, the motion for change of venue should have been granted.

The order is reversed.

Barnard, P. J., and Marks, J., concurred.