THE COURT.
 

 This is an appeal from an order denying defendant’s motion for change of venue to the Municipal Court for the East Los Angeles Judicial District, wherein he resides, and from an order granting plaintiff’s motion to retain the action, for convenience of witnesses, in the Glendale Judicial District, where it was filed. In a former opinion in this case, this court, in reversing the orders, pointed out that as in neither its complaint nor in its affidavit in opposition to the first motion did plaintiff give facts sufficient to establish that a judicial district other than that of defendant’s residence was a proper one for the trial of the case under the provisions of section 395, Code of Civil Procedure, it followed that the municipal court for that judicial district was the proper court for its trial. A rehearing was granted, and upon further consideration we are of the opinion that our original determination was correct.
 

 It is quite clear that the orders denying defendant’s
 
 *905
 
 motion to transfer the ease, and granting plaintiff’s motion to retain it in the court where it was brought, may not be affirmed on the ground that such a course served the convenience of witnesses. The affidavit in support of the counter-motion to retain the action gave neither the names nor addresses of the witnesses, and made no pretense of stating what their testimony would be. Such an affidavit is insufficient to support the orders made.
 
 (Juneau
 
 v.
 
 Juneau
 
 (1941), 45 Cal.App.2d 14 [113 P.2d 463].)
 

 There is no doubt that Los Angeles County is a proper county for the trial of this action, within the terms of section 395, Code of Civil Procedure, and that the subject matter of the action is within the jurisdiction of a municipal court. By virtue of the provisions of the second subdivision of section 395, the Municipal Court for the Bast Los Angeles Judicial District, wherein the defendant resides, is, without question, a proper court for its trial. The problem narrows down, therefore, to this question: does the court in which the action was brought, the Municipal Court for the Glendale Judicial District, appear to be a proper court? If it is, the order denying the motion to transfer should be affirmed.
 
 (Shulzmer Watch & Jewelry Co.
 
 v.
 
 Cortat,
 
 Civ. A. No. 8578,
 
 ante,
 
 p. 901 [280 P.2d 228], filed this day.)
 

 Plaintiff first argues that an obligation is to be deemed performable at the place wherein such obligation was incurred. Thus, it is contended, as the instant obligation was incurred in Glendale, it should be considered that such location is the place of performance, and the plaintiff may properly insist on the Glendale Judicial District as the place of trial. But the plaintiff is in error in its assumption that it has shown that the obligation sued on was in fact incurred in Glendale. The record does not disclose where it arose.
 

 Plaintiff’s complaint, as is the case of all common count pleadings, has brevity as its main virtue and its averment that the defendant became indebted to the plaintiff in Glendale, California, in the sum of $828.50 for money had and received for the use and benefit of the plaintiff, furnishes us with no fact to determine venue. The affidavit filed by the plaintiff does give us some few facts to work with. It is there stated that an insurance company issued a check for $828.50 payable to the plaintiff, the defendant and another, for the purpose of covering the repairs made by the plaintiff to an automobile; that the check was delivered to the defendant by the insurance company for the purpose of having
 
 *906
 
 him endorse it and deliver it to the plaintiff in payment; that the defendant endorsed it and presented it to the plaintiff in Glendale, but through someone’s mistake, the check was then returned to the defendant who cashed it, at some unnamed place, and has not paid the money over to the plaintiff.
 

 Plaintiff’s theory is that upon receipt of the cheek with its endorsement, the defendant had received $828.50 for its use and benefit. We have concluded that this was not so, but that plaintiff’s cause of action did not arise until the defendant cashed the check and obtained the money. Had the defendant not cashed the check, it could not be said that he had received any money belonging to the plaintiff. (See Money Received, 17 Cal.Jur. 606-607, §4.) In the absence of an agreement that a check is to constitute payment, it does not discharge the obligation for which it is given.
 
 (American Marine Paint Co. v. Tooley
 
 (1942), 53 Cal.App.2d 530, 538 [127 P.2d 960, 964].) Until the check involved here was cashed, therefore, the obligation of the drawer remained in existence and any obligation to the plaintiff that the defendant may have incurred, in the transaction did not arise until he cashed the check and had the money in hand. We do not know the judicial district in which that event took place.
 

 Plaintiff’s second point is that the place of performance of the implied promise to pay is to be deemed to be at its principal place of business. In view of the strict showing required by the law of a plaintiff who seeks to have an action tried in a place other than the defendant’s residence and the fact that in this situation all ambiguities will be construed against the pleader
 
 (Rench
 
 v.
 
 Harris
 
 (1946), 76 Cal.App.2d 113, 115-116 [172 P.2d 576]), neither the mere recital of the plaintiff’s corporate name nor the Glendale address given as
 
 a
 
 place of business is sufficient to establish Glendale as the plaintiff’s principal place of business.
 

 No good reason appearing why the defendant should not have this action transferred to the municipal court for the judicial district in which he resided, at the commencement of the action, the orders appealed from are reversed, with directions to the trial court to grant defendant’s motion.