BISHOP, J.
We have reached these conclusions: The Municipal Court for the Los Angeles Judicial District was a proper court for the trial of this action, in which recovery of over $1,000 was sought, and as a consequence it was error to transfer the case from that court to the Oceanside Judicial District.
It is unfortunate, but a fact, that the Legislature at several places in the title of the Code of Civil Procedure dealing with the place of trial of civil actions (tit. IV, pt. 2) has used the definite article “the” where the indefinite article “a” should have been used. Beyond all doubt, in many instances there are several proper courts for the trial of an action, and no one of them may properly be characterized as the proper court. This is true of this case. These appear to be the facts: (1) the defendants resided in Vista, San Diego County, when the action was filed; (2) the contract sued upon was'entered *902 into in Los Angeles city, County of Los Angeles; (3) the contract, according to the complaint’s first cause of action, expressly provided that it was to be performed in Oceanside, San Diego County; (4) the second cause of action does not allege that the contract contains any express place of performance, but it does appear that the plaintiff is a corporation, with its principal place of business in Los Angeles County. Looking to these facts we find it said that San Diego County is the proper county for the trial of the action, because the defendants resided there at the commencement of the action. (First sentence, Code Civ. Proc., § 395.) San Diego is, again, a proper county, because the contract was to be performed there. (Third sentence of § 395.) But Los Angeles County having been the one “in which the contract in fact was entered into” is also a proper county. (Third sentence, § 395.)
So far we have both Los Angeles and San Diego Counties established as proper counties. Subdivision (2) of section 395, Code of Civil Procedure declares that: “The proper court for the trial of any such action in the county herein-above designated as the proper county, shall be determined as follows.” It then identifies, as a proper court, that of the judicial district in which a defendant resides, or “in the cases hereinabove mentioned,” that of the judicial district in which the obligation was contracted to be performed. The court of the judicial district in which Vista lies, if a municipal court, is, therefore, a proper court, as is the Municipal Court for Oceanside Judicial District. No defendant resides in Los Angeles County, and, restricting our view to the first cause of action, the contract was to be performed elsewhere, so no particular court in that county is identifiable as a proper court. But, as we have seen, Los Angeles County is a proper county. The consequence is that the last words of section 395 become applicable: “otherwise any court in such county, having jurisdiction of the subject matter of the action, is a proper court for the trial thereof.” The Municipal Court for the Los Angeles Judicial District emerges, therefore, as one of the proper courts for the trial of this action.
Two sections of the Code of Civil Procedure advise when cases may be transferred from one court to another. Of the four “cases” authorized by section 397 the first only interests us; the place of trial may be changed “1. When the court designated in the complaint is not the proper court.” Section 396b covers the matter in greater detail. Its provisions, *903 however, apply only “if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title” and the authority to transfer is given only “if it appears that the action or proceeding was not commenced in the proper court.” (See Turner v. Simpson (1949), 91 Cal.App.2d 590, 591 [205 P.2d 423], and cases cited.) As it appears that the trial court had jurisdiction of the subject matter and was a proper court for the trial of the action, the motion to transfer should not have been granted.
The order appealed from is reversed. The appeal from the nonexistent judgment is dismissed.
Shaw, P. J., and Patrosso, J., concurred.