[Civ. No. 20921.   First Dist., Div. One.   Jan. 9, 1963.]

HAROLD HALL, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; FRED J. WALKER, Real Party in Interest.

Leo M. Cook for Petitioner.

No appearance for Respondent.

Roger Corbett for Real Party in Interest.

MOLINARI, J.—This is a petition for a writ of mandate seeking to compel the Superior Court of Alameda County to grant a motion for change of venue to Mendocino County.

### The Facts

The real party in interest, Fred J. Walker, hereinafter referred to as the respondent, commenced an action in Alameda County against the petitioner for the recovery of installments allegedly due on a contract for the sale of laundry and cleaning equipment or for rescission. The verified complaint alleged an agreement between the respondent and the petitioner wherein the petitioner agreed to pay the consideration plus interest to the respondent at Berkeley, County of Alameda, California. The complaint did not allege whether the agreement was oral or written, nor where it was entered into. The petitioner filed a demurrer to the complaint and a motion for change of venue from Alameda County to Mendocino County. In support of his said motion the petitioner filed an affidavit stating that he was a resident of Mendocino County, that the contract in question was oral, and that it was entered into in Mendocino County. Upon being advised of the date of the hearing of said motion, the petitioner's attorney wrote to respondent's attorney requesting a continuance. The latter responded by letter that he had requested the court to continue the motion to August 16, 1962, at 2 p. m. and asked counsel for the petitioner to prepare a written stipulation for such continuance for filing with the court. Petitioner's attorney thereupon replied by sending back the said letter received from respondent's attorney with the following handwritten notation at the bottom thereof, to wit: "Sorry, but my secretary is away for two weeks—please indicate my approval of the foregoing and matters will be submitted by papers on file without personal appearance."

Counsel for the petitioner did not appear on the said day set for the hearing of the motion for change of venue. The attorney for the respondent did appear and during the course of the hearing filed three affidavits in open court in opposition to the motion. One affidavit was that of the respondent, the substance of which was that the contract was an oral one and had been entered into between him and the petitioner in the respondent's office in Berkeley, California. The second affidavit was that of the respondent's office manager, one Bozeny, who

stated therein that on a certain date the petitioner agreed orally with the respondent in his (Bozeny's) presence to purchase the subject equipment which was then located in Ukiah, Mendocino County. Bozeny further deposed that he then made a memorandum of the contract and its terms and that he made said memorandum the basis of a ledger account. The third affidavit was that of one Robertson, who stated that he was present in the respondent's office in Berkeley and that in the presence of himself, the respondent and Bozeny, the petitioner there agreed orally to purchase the machinery and fixtures of a cleaning business located in Ukiah for a definite price ''amounting to a number of thousands of dollars.'' Copies of these affidavits were never forwarded to the petitioner or his counsel, although a copy of the complaint, which had been amended to state that the contract in question was oral, had been forwarded to petitioner's counsel. The said motion for change of venue was thereupon denied by the Alameda Superior Court. No notice of said ruling was given to the petitioner.

The petitioner subsequently learned of the court's ruling and petitioned this court for a writ of mandate under the belief that no counteraffidavits had been filed or presented by the respondent. The said petition accordingly alleged the failure to present and file such counteraffidavits and asserted in substance that in view of the undenied affidavit of the petitioner the trial court acted improperly in denying the motion. Upon the basis of these allegations this court issued its alternative writ. The return in response to said writ was made by the respondent wherein the filing, presentation and consideration of the three counteraffidavits was made known to us (and apparently to the petitioner) for the first time.

### Questions Presented

1. Whether it was proper for the lower court to have considered the counteraffidavits without proof of prior service upon the petitioner?

2. If the said affidavits were properly before said court, do they support the court's order denying the petitioner's motion for change of venue?

### The Consideration of the Counteraffidavits

The petitioner in his written argument filed after the respondent's return contends that the trial court should not have considered the counteraffidavits. The basis of his argument is that since it was his desire to submit the matter upon the papers on file it was incumbent upon respondent's counsel

to have notified the petitioner of his intention to file counter-affidavits. Accordingly, he asserts that they could not have been considered by the court without prior service upon him. The petitioner cites no authority for this proposition, nor has any been found by us.

█ There is no statutory authorization for counteraffi-davits. █ Witkin says: ''Venue is determined chiefly from an examination of the complaint, and a verified complaint is treated as a plaintiff's counter-affidavit insofar as it contradicts the affidavit of the moving defendant.'' (1 Witkin, Cal. Procedure, § 260, p. 781, citing cases; cited with approval in *Quick* v. *Corsaro*, 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674].)

█ However, if the complaint does not meet the factual challenge of the defendant's affidavits, it may be necessary for the plaintiff to make an additional showing in order to sustain the venue. This may be done by oral evidence or by counter-affidavits. (Witkin, *supra*; *Mills* v. *Dickson*, 129 Cal.App. 728 [19 P.2d 278]; *Nakanishi* v. *Policy Holders Life Ins. Assn.*, 129 Cal.App. 747, 749 [19 P.2d 287].)

█ In the instant case the verified complaint of plaintiff did not meet the factual challenge offered by the defendant's affidavit which stated that the contract was entered into in Mendocino County and that the defendant was a resident of that county. Although the amended complaint was not made a part of the record before us, the petition before us alleges that the pertinent amendment to the complaint consisted of an allegation to the effect that the contract in question was oral. This allegation is not controverted by the respondent. It appears, therefore, that it was necessary for the respondent to make an additional showing in order to sustain the venue. This is apparently conceded by the respondent, who bases his return upon the fact that the counteraffidavits presented and filed by him were sufficient to sustain venue in Alameda County. The important question presented, then, in addition to the sufficiency of the said counteraffidavits, is the timeliness of said affidavits and whether the filing and presentation of the same should have been on notice to the petitioner.

█ In *Mills*, the court said: ''The filing of a counter-affidavit is not a judicial act by the court nor does the right to file the same depend upon leave of court. █ Upon the filing of a motion to change the place of trial, the court is limited strictly to a consideration of that issue, but there is no limit as to the receipt by affidavit of evidentiary matter for a proper determination of that question.'' (P. 732.) █ We

have found no authority which holds that notice to the adversary must be given before a counteraffidavit in opposition to a motion for change of venue may be received in evidence. On the contrary, there is authority to the effect that counteraffidavits may be filed and received in evidence on the day of the hearing without prior notice. ▮ In *Younglove* v. *Steinman*, 80 Cal. 375 [22 P. 189], the court considered a situation analogous to that presented here. The court said: "The further point is made, that the notice stated that the motion would be 'based upon the papers, pleadings, and records in said cause, and upon affidavits hereafter to be filed,' and that the court below erroneously admitted in evidence an answer filed by the defendants after the notice was given. There was no error in this ruling. The notice did not confine the defendants to the use as evidence of such pleadings only as were on file at the time it was given, but if it had, the court might, in its discretion, very properly hear evidence outside of that mentioned in the notice, if necessary to aid it in arriving at a proper determination of the question." (Pp. 376-377.) ▮ In *Schilling* v. *Buhne,* 139 Cal. 611 [73 P. 431], the appellant contended that the court erred in allowing the party opposing a motion for change of venue to file counteraffidavits on the date set or the hearing of the motion. The court answered this contention as follows: "Counsel has not cited us to any authority to sustain his position. We are satisfied that none exists. It is the general practice to file such affidavits on the day, and at the time, of the actual hearing of the motion, and we have never known the practice to be seriously questioned. Of course, it is proper, if any new matter is presented by such counter-affidavits, to grant time to the moving party to file affidavits in opposition." (Pp. 613-614.) (See also *Bredfield* v. *Hannon,* 151 Cal. 497, 498-499 [91 P. 334].)

▮ While it would have been the better practice, consistent with the amenities and courtesies which should exist among practitioners in the law, for respondent's counsel to have advised the petitioner in view of the notation on the letter that he proposed to file and present counteraffidavits at the hearing, we are satisfied that no undue advantage of the petitioner was taken. Indeed, it may well be that if copies of the affidavits had been forwarded to petitioner even after the hearing, these present proceedings might have been obviated. It was presumptuous, to say the least, for petitioner's counsel to have expected that the handwritten statement endorsed by

him on the letter would have the effect of foreclosing the respondent from making a showing in opposition to the motion, and that it would also dispense with the necessity of a hearing on the motion. It was even more presumptuous to believe that such a statement would be binding on the court below. We wish to note, moreover, that the endorsement on the letter might well be interpreted to mean that as far as petitioner was concerned he was content not to appear to argue the matter but was willing, on his part, to submit his motion on the papers then on file. Suffice it to say, it was incumbent upon the petitioner to attend the hearing if he was interested in resisting any opposition which might be there presented, either by way of evidence or argument.

## The Sufficiency of the Counteraffidavits

At the time of the hearing of the motion for change of venue the trial court had before it petitioner's affidavit and respondent's three counteraffidavits. The motion for change of venue was made under Code of Civil Procedure section 395. Since the contract was oral the trial court was not concerned with the place of performance as a place of trial. The Mendocino residence of the petitioner is conceded. The only issue before the trial court, then, was the place where the contract was in fact entered into. The petitioner's affidavit asserted that such place was in Mendocino County. The respondent, by his counteraffidavits, asserted that the contract was entered into in Alameda County. The conflict in the affidavits was for the lower court to resolve, and it did so in favor of the respondent. ▪ It is well-settled that where a conflict exists between the affidavits and counteraffidavits, or between a verified complaint and the affidavit of the defendant, on a motion for change of venue, an appellate court will not disturb the action of the trial court unless, of course, the action was arbitrary. (*Carnation Co.* v. *El Rey Cheese Co.*, 88 Cal.App.2d 857, 858 [200 P.2d 19]; 1 Witkin, Cal. Procedure, § 253, pp. 773-774.) There is no basis for, or any showing of, arbitrariness in this case. ▪ As said in *Rench* v. *Harris*, 76 Cal.App. 2d 113 [172 P.2d 576], the "ruling of the trial court upon issues of fact raised by conflicting affidavits is entitled, upon appeal, to the same weight as a finding on conflicting evidence as to issues of fact...." (P. 118.)

The peremptory writ is denied and the alternative writ is discharged.

Bray, P. J., and Sullivan, J., concurred.